## N. S. Perry v. The State.

1. THEFT—EVIDENCE BY POSSESSION OF STOLEN PROPERTY.—Such possession must be considered in connection with the nature and character of the property, the circumstances of the prisoner, and the declarations of the accused at the time of such possession.

2. EXPLANATION OF POSSESSION OF STOLEN PROPERTY.—Declarations of the accused as to his possession, at the time charged with the offense, are admissible for or against him; and his explanation, if reasonable, and not contradicted, removes the presumption of guilt arising from such possession.

3. THEFT—EVIDENCE HELD INSUFFICIENT.—A party found with a drove of stolen cattle, and stating his possession to be that of a hired hand, and not contradicted, should not be convicted for theft of such cattle.

APPEAL from Kaufman. Tried below before the Hon. M. H. Bonner.

Perry was indicted and convicted for theft of a steer. His punishment was fixed at a fine and imprisonment in the county jail.

The testimony showed that he was found in the possession, with two others, of a drove of stolen cattle, in which drove was the steer for theft of which he was charged.

Perry, when found with the cattle, said he was employed by Graham & Basham, and did not want to stop the cattle, unless the party arresting him would be responsible to Graham & Basham.

It appeared that Perry had had no connection with the herd until after it had been gathered; that he had been hired; that he had only been with the herd from the time they had left the pen; that he was of good character. The two others, Houston and Burrage, claimed that they too were hired by Graham & Basham. It also appeared defendant had been employed as a hand in another herd, about two weeks before, under circumstances of suspicion.

Many exceptions were taken, but are not noticed in the opinion.

*J. J. Hill,* for the appellant, cited Bur. on Cir. Ev., p. 733; Pas. Dig., arts. 3095, 3096; Slaughter *v.* The State, 24 Tex., 410; Dorsey *v.* The State, 34 Tex., 658.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—Appellant and four others were jointly indicted for the theft of a steer of the value of twenty dollars, charged to have been stolen May 4, 1873.

He was found guilty by the jury, and his punishment assessed to confinement in the county jail for three months and a fine of one hundred dollars.

A number of exceptions were taken to the rulings of the court, on objections made by appellant to evidence on behalf of the State, some of which, if critically examined, we incline to believe would be found erroneous. But as we are clearly of the opinion the testimony, as it went to the jury, is altogether insufficient to support the verdict, it would be an unnecessary consumption of the time of the court to discuss them.

The verdict of the jury was undoubtedly founded upon evidence showing in effect that the steer alleged to have been stolen had been taken from the possession of the owner without his consent, and was shortly afterwards, it may be inferred, found in possession of appellant. Unquestionably it has been often said by courts of the highest authority that the possession of stolen property, recently after the commission of the offense, is *prima facie* evidence of guilt, and puts the accused upon explanation as to how the property came into his possession. (Knickerbocker *v.* The People, 43 N. Y., 177.)

But whether the principle announced in such cases is to be regarded as a technical rule of law, by which the jury are to be absolutely governed, where the accused fails to explain his possession and rebut the presumption thus established, or, as seems to be the more reasonable and satisfactory conclusion, that it is to be understood as a practical suggestion to the jury instructing them, not on the weight which must be given to such evidence, but as to the conclusion which the law warrants them to draw from it—in whichever light it may be regarded, certainly proof of the possession of the property, however recent, is merely a fact or circumstance to be considered by the jury in connection with all the other evidence submitted to them in determining the guilt or innocence of the possessor. (The

State v. Williams, 2 Jones, N. C., 194; Sartorious v. The State, 24 Miss., 602; Graves v. The State, 12 Wis., 596; Hall v. The State, 8 Ind., 439; People v. Kelly, 28 Cal., 423.)

And if the presumption of guilt arises from the possession of the property recently after the theft, it is to be considered in connection with the nature and character of the property, as well as such possession, and all the attending circumstances surrounding it. Any explanation which the party in whose possession the property is found may give at the time as to the nature and extent of his possession, and how he came by it, is admissible in evidence either for or against him. And if the explanation, when testified to before the jury, seems to them to be reasonable, and is not shown to be false, the presumption against the accused from his possession is rebutted, and the jury are not justified in convicting without further evidence against him. (Regina v. Exall, 4 Fost. & F., 922; Rex v. Crowhurst, 1 Car. & K. 370.)

Appellant, when found in possession of the stolen property, at once explained the nature and purpose of his possession, and gave the names of persons who claim to own it, and by whom he had been hired. And although there was no effort on the part of the State to show that his explanation was unreasonable or false, unless by a few circumstances slightly tending, if they are material for any purpose, to raise a suspicion that appellant knew or might reasonably have concluded that the parties claiming the property had not come honestly by it, he proved, beyond all reasonable doubt, the truth of his explanation. And even if it is true that he may have had reason to suspect the parties by whom he was employed of the theft of the cattle which, after such theft, he was employed to assist in driving, this of itself would not warrant his conviction under all the facts of this case. The evidence, however, does not warrant such a conclusion. It may in a slight degree tend to induce suspicion that he might possibly have

known that the parties by whom he was hired to drive the cattle had not gotten them honestly, but nothing more.

The verdict not being sustained by the evidence, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.