## A. G. HANNAH *v.* THE STATE.

1. INDICTMENT—WANT OF FOREMAN'S SIGNATURE.—It is not a valid exception, either to the form or the substance of an indictment, that the signature of the foreman of the grand jury does not appear to it or to its indorsement as a true bill. The omission might be supplied by amendment.

2. THEFT—POSSESSION OF PROPERTY RECENTLY STOLEN is a circumstance proper for the consideration of the jury in determining the guilt or innocence of the accused, but does not of itself constitute sufficient evidence to sustain a verdict of guilty.

3. SAME.—Explanations offered by the accused to account for his possession, when charged with having stolen the property, are competent evidence either for or against him. If the jury deem them to be reasonable, and they be not shown to be false, any presumption against him arising from the possession is rebutted, and further evidence is indispensable to a conviction.

4. SAME.—The mere possession of property recently stolen does not of itself shift the burden of proof from the state to the accused.

APPEAL from the District Court of Parker. Tried below before the Hon. J. A. CARROLL.

The appellant was indicted on the 5th of February, 1875, for the theft of a cow, alleged to be the property of S. G. Thompson. A trial was had at the fall term, 1876, when he was found guilty, and his punishment assessed by the jury at confinement in the penitentiary for a term of two years.

According to the evidence adduced by the state, the accused was a " cattle man " in the employ of one Kirby, in whose herd the stolen animal was found, some miles from her accustomed range. Accused was in charge of the herd when the owner of the cow came to reclaim her. The owner told the accused that his cow was in the herd; accused asked him how she was branded, and about that time the cow came in view and was pointed out by the owner. Accused then stated that the cow had been put into the herd by Kirby; that he, the accused, knew nothing about her, and supposed Kirby must have been mistaken about her; and told the owner to take her out of the herd. The owner further testified that the accused showed no disposition to retain the animal, or to defraud him of her.

The opinion of the court supplies the other facts.

*Ball & Roach*, for the appellant.

*George McCormick,* Assistant Attorney General, for the
the State.

WINKLER, J.    The accused moved in arrest of judgment
in the court below on the following grounds :

1st. Because the indictment was not signed officially by
the foreman of the grand jury.

2d. Because the indictment is not indorsed " a true bill "
by the foreman of the grand jury.

3d. Because the indictment does not appear upon its face
to be the true and valid act of any lawful grand jury.

The counsel for appellant, in his written discussion of
the motion in arrest, confines himself to the 1st ground
set out in the motion, to wit, that the indictment is not
signed officially by the foreman of the grand jury.

Whilst it is true that our Code of Criminal Procedure, in
prescribing what shall be a sufficient indictment, requires,
as the 9th and last point of sufficiency, that the indictment
shall be signed officially by the foreman of the grand jury,
the Code, in laying down the causes for which an exception
to the form of an indictment will lie, includes, among others,
the want of any of the requisites of form prescribed, except
the want of the signature of the foreman of the grand jury.
See Arts. 395 and 488 of the Code of Cr. Pro. (Pasc. Dig.,
Arts. 2836, 2955).

So that, whilst any other of the nine requisites of an indict-
ment would be good ground for exception, it is expressly
stated in the Code that the want of the signature of the
foreman of the grand jury is not an exception to the *form*
of the indictment.    The grounds upon which the *substance*
of an indictment may be excepted to are set out in another
Article of the Code of Criminal Procedure, namely, in
Article 487 (Pasc. Dig., Art. 2954) ; and, among the grounds
enumerated, the objection that it is not signed by the fore-
man is not included, but is specially excluded, for the reason
that it is provided that "there is no exception to the *sub-*

*stance* of an indictment or information except" those enu-
merated in the Article.    Agreeably to the provisions of the
Code referred to above, it is not ground of exception, either
to the form or the substance of an indictment, that it is not
signed by the foreman of the grand jury.    The omission
might have been cured by amendment.    *Bosshard* v. *The
State*, 25 Texas (Supp.), 209.

It may be proper to remark, further, that this court has
laid down the rule that a case will not be reversed on
account of an objection to the *form* of an indictment when
exception was not taken at the proper time in the court
below.    *Long* v. *The State*, decided at Tyler, in 1876,
*ante* p. 466.

The record does not sustain the 2d ground of objection
to the indictment.    The transcript says the indictment is
indorsed "a true bill."    If it is not indispensable that the
indictment itself should be signed by the foreman of the
grand jury, as we have seen to be the case, we see no reason
why the indorsement should be signed.

The 3d objection—that the indictment does not appear
upon its face to be the act of a lawful grand jury—is, we
think, not well taken.    No specific objection is pointed out
other than the one already discussed.

The record shows that it was "presented by the grand
jury in open court, and filed on the 5th day of February,
1875."    The indictment commences as follows:

"In the name and by the authority of the state of Texas.
The grand jurors for the county of Parker, in the state of
Texas, duly elected, tried, impaneled, sworn, and charged
to inquire and for the body of the county aforesaid, and true
presentment make of all offenses therein committed, cog-
nizable by the district court of the said county of Parker,
state of Texas, upon their oath, in said district court do say
and present."

In the sentence "in and for the body of the county afore-

said," the word *in* appears to have been omitted, either by the writer of the indictment or by the clerk in transcribing it, but the omission is not of sufficient importance to vitiate the instrument. If it had been an indispensable word, the omission could have been supplied by amendment. We hold that on the face of the indictment it sufficiently appears to be the "true and valid act" of a lawful grand jury. We are of the opinion that the court did not err in overruling the defendant's motion in arrest of judgment.

With reference to the motion for new trial. On the trial below the jury, among other things, were thus instructed: "The possession of property recently stolen is a circumstance to be taken and considered by the jury, in connection with the other testimony, as to whether such person so found in the possession of said property is the thief or not. When a defendant is found in the possession of property recently stolen, if he undertake to account for such possession at the time, if the jury believe that said account is reasonable, then the burden is upon the state to show that such account is false. But if the jury believe that such account is unreasonable, then the burden is upon the defendant of showing that the same is true."

The first part of this charge would be substantially correct if applied in a proper case, but was inapplicable here for reasons hereafter to be stated.

From a careful examination of authorities upon this subject we conclude that, in this case, this was not a proper charge, especially the latter part thereof. If in any case it should become necessary for the judge to instruct the jury on the subject of the presumptions of law arising from the circumstance of one being found in possession of property recently stolen, we are of opinion that the law may be briefly stated thus: When one is found in possession of property recently stolen, whilst this fact would be a circumstance to be considered by the jury in determining the guilt or

innocence of the accused, still this circumstance would not of itself justify a conviction; but, in order to convict of theft, the law requires further evidence of guilt than the naked fact of being found in possession of the property. If the statement of the accused be made under such circumstances as to be admissible as evidence to the jury at all, then the law is as stated in *Perry* v. *The State*, 41 Texas, 486 : "If the presumption of guilt arises from the possession of the property recently after the theft, it is to be considered in connection with the nature and character of the property, as well as such possession, and all the attendant circumstances surrounding it. Any explanation which the party in whose possession the property is found may give as to the nature and extent of his possession, and how he came by it, is admissible in evidence, either for or against him. And if the explanation, when testified to before the jury, seems to them to be reasonable, and is not shown to be false, the presumption against the accused from his possession is rebutted, and the jury are not justified in convicting without further evidence against him." Greenl. on Ev., secs. 31, 32, and authorities cited in *Perry's Case*, quoted from as above ; *McCoy* v. *The State*, 44 Texas, 618. The correct rule in such a case would be for the judge, after determining upon the admissibility of the evidence, to submit the evidence to the jury, to be considered by them, together with the other evidence adduced, in coming to a conclusion as to whether the accused is guilty or not, without undertaking to charge the jury as to the degree of weight which is to be given to it in making up their verdict. *Parish* v. *The State*, supreme court, Galveston term, 1876 ; *Foster* v. *The State*, court of appeals, Tyler term, 1876, *ante* p. 363. It is the duty of the judge, in cases of felony, whether asked to do so or not, to give to the jury a written charge, "in which he shall distinctly set forth the law applicable to the case ;" but he shall not express any opinion

as to the weight of evidence, nor shall he sum up the testimony; and by law the jury are the exclusive judges of the facts in every criminal case. Pasc. Dig., Arts. 3058, 3059, 3060.

In *Thompson* v. *The State*, 43 Texas, 272, it was held that " it is not strictly correct to charge the jury that mere possession of property recently stolen is *prima facie* evidence of the theft, which devolves upon the defendant the necessity of explaining such possession, so as to rebut the presumption, or raise a reasonable doubt in the minds of the jury, of the defendant's guilt. Such charge reverses the rule as to the burden of proof, and transfers it from the state to the defendant." And see *Smith* v. *The State*, 43 Texas, 105.

Further, we believe that the charge quoted above, when applied to the facts as shown by the record, was inapplicable to the case as made by the proofs, for the reason that there is not in the record any evidence tending to show that the property had been *recently stolen;* and, from the meager evidence shown by the record of the defendant's guilt, it can hardly be questioned that the charge operated prejudicially to the rights of the accused.

Without considering any other matter suggested in argument or by the record, for the reasons above stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*