### P. Hernandez v. The State.

Theft —Evidence — Charge of the Court. —Possession of property recently stolen is a circumstance proper for the consideration of the jury in determining the guilt or innocence of the accused, but does not of itself constitute sufficient evidence to warrant a conviction. And if, in a trial for a felonious theft, the only material fact tending to inculpate the accused was such possession, the jury should be instructed to the foregoing effect.

Appeal from the District Court of Hays. Tried below before the Hon. L. W. Moore.

The indictment charged the appellant with the theft of a mare belonging to P. T. Bost. The jury found a verdict of guilty, and assessed the punishment at ten years in the penitentiary.

Bost, the owner of the mare, testifying for the State, said that about eight o'clock in the night of June 27, 1880, he turned the mare into his horse-lot, and the next morning she was gone. Witness and his brother at once went in search of her. About sunset they came upon the appellant with the mare in his possession, at a place about thirty miles distant from witness's residence, and in the direction of San Antonio from it. The explanation given by the appellant is set out in the opinion of the court. Flores, from

whom the appellant claimed to have got the mare, was in Bost's employ at the time of the theft, and worked Bost's animals when directed to do so. He was still in Bost's employ at the time of the trial, and Bost had heard that there was some ill-feeling between the appellant and Flores. Why the latter was not produced as a witness is not explained. Appellant knew Bost and the mare, and it does not appear that he sought to get away when overtaken.

*R. B. Minor*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. It is shown by the evidence that when the defendant was found with the animal alleged to have been stolen, some thirty miles away from where the theft was committed, he stated to his captors in substance as follows : That the mare had been delivered to him the night before by one Vicente Flores, and that he (the defendant), on account of the darkness, did not recognize the mare as the property of the alleged owner, one P. T. Bost, until daylight the next morning ; that at daylight the next morning he did recognize the mare as the property of the alleged owner, and said to himself, "This is Mr. Bost's mare," but that he determined to ride the mare on to San Antonio and then bring her back to the owner. There is no controversy as to the ownership of the animal alleged to have been stolen, or that the owner had not given his consent to the taking. The defence seems to have rested alone upon the reasonableness and probable truth of the statements of the defendant when pursued and arrested, having the property in his possession, as to how he came by it, and upon the charge of the court on that branch of the case.

The judge, having given to the jury the statutory definition of theft, instructed the jury that "the fraudulent intent is the gist of this offence ; and if the jury believe from the evidence that another person did take the animal in ques-

tion, and gave the same to defendant, without any knowledge on his part of any fraudulent intent of the taker, then you will acquit. But if you find the defendant was present at the taking, and, knowing the fraudulent intent, assisted, aided, or encouraged the same, or received the property knowing the same was stolen, then he is guilty. In determining this intent you will look to all the surrounding circumstances of the transaction, the acts and conduct of the party, his account given of the same, and if this be consistent and reasonable, and all taken together do not exhibit a fraudulent intent, you will acquit. But if they show a fraudulent intent, and if the taking was without the consent of the owner, with intent to defraud him and to appropriate the same, then you will convict.''

The rules of law applicable to this character of case are correctly laid down by our Supreme Court in *Perry* v. *The State*, 41 Texas, 483, as follows : ''And if the presumption of guilt arises from the possession of property recently after the theft, it is to be considered in connection with the nature and character of the property, as well as such possession, and all the attending circumstances surrounding it.'' And on the precise point of the present controversy the rule is thus stated in the same case : ''Any explanation which the party in whose possession the property is found may give, at the time, as to the nature and extent of his possession, and how he came by it, is admissible in evidence either for or against him. And if the explanation, when testified to before the jury, seems to them to be reasonable, and is not shown to be false, the presumption against the accused from his possession is rebutted, and the jury are not justified in convicting without further evidence against him.'' The defendant is not called upon to adduce proof to rebut the presumption arising from possession of property recently stolen, and to so instruct the jury, it is said, reverses the rule as to the burden of proof, and transfers it from the State to the defendant. *Thompson*

v. *The State*, 43 Texas, 272.  The burden is on the State to falsify or show the improbability of the statement.  *Hannah* v. *The State*, 1 Texas Ct. App. 578, and authorities cited.

Whilst this is the law, and whilst the charge given in the present case is not in strict conformity with it, and without intending to indorse the language of the charge as set out above, still we are of opinion that the charge, taken as a whole, was sufficient under the proof to apprise the jury as to the effect of the evidence, and how to apply the law to the statements made by the defendant as to how he became possessed of the property ; and hence the charge asked by the defendant's counsel, which was more nearly correct in language, was unnecessary under the circumstances.

We are of opinion, however, that there is a defect in the charge, which the defendant's counsel attempted to cure by asking an instruction, which was refused by the court, as follows :  " The possession of property recently stolen is a circumstance proper for the consideration of the jury in determining the guilt or innocence of the accused, but does not of itself constitute sufficient evidence to sustain a verdict of guilty."   To our minds, the record does not contain any material inculpatory fact against the defendant, except that he was found in possession of the animal soon after the theft ; and hence the instruction was appropriate and necessary to complete the charge as to the law of the case.   With reference to another trial, the attention of the court is specially invited to the law as laid down in *Perry* v. *The State*, above cited.

For error of the court in refusing to give that portion of the charge asked by the defendant as set out above, or some instruction equivalent thereto, the judgment must be reversed and a new trial awarded ; and it is so ordered.

*Reversed and remanded.*