[No. 1748.]

ANDREW YORK *v.* THE STATE.

1. THEFT.— POSSESSION OF RECENTLY STOLEN PROPERTY is but presumptive evidence against a party accused of theft, and is stronger or weaker according to the circumstances attending it. Any reasonable explanation made of such possession, by the party accused, when his right to the property is first questioned, is admissible for him; and, if not shown to be false, rebuts the presumption against him arising from the fact of possession, and necessitates further evidence of his guilt before a conviction is warranted by law.
2. SAME— FACT CASE.— See the opinion *in extenso* for evidence *held* insufficient to sustain a conviction for horse theft, inasmuch as the State, relying alone upon the accused's possession of the animal recently stolen, failed to prove the falsity of the reasonable explanation given by him when his right was first questioned.

APPEAL from the District Court of De Witt. Tried below before the Hon. H. C. Pleasants.

The conviction was for the theft of a horse, the property of T. Eberhart, in De Witt county, Texas, on the 15th day of October, 1884. The punishment imposed by the jury was a term of five years in the penitentiary.

The opinion sufficiently discloses the case.

*R. A. Pleasants,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. As presented in the record, the evidence is insufficient to sustain this conviction. Defendant was seen in possession of the stolen horse several weeks after the theft was committed. The brand on the horse had been changed, and another brand — a Spanish one — had been placed on him subsequent to the theft. This change in the brand, and the new brand, had been made by picking the hair. These are the only inculpatory facts proved against the defendant. In explanation of his possession, the defendant, when asked in regard thereto, stated on several occasions and to several persons that he had got the horse from a Mexican — that he had traded a sorrel horse which he had owned for this one. It was proved that he had owned a sorrel horse up to the time he was seen in possession of the stolen horse, but that he had not since been known to have the sorrel horse. It was proved that he openly claimed and used the stolen horse in and near the town of Cuero, where the owner of said horse resided, and where said horse was

well known.   No attempt on the part of the State was made to show the falsity of the explanation which the defendant gave of his possession of the stolen horse.

Under this state of facts, we think, it devolved upon the prosecution to adduce such evidence.   There was nothing unreasonable in his explanation, but on the contrary the fact that defendant's sorrel horse was not seen in his possession after he had acquired the stolen horse, and the further fact that a Spanish brand had been placed upon the stolen horse, tend to establish the truth of his statement that he had traded his sorrel horse to a Mexican for this one.

Possession of recently stolen property is but presumptive evidence against a party, and is stronger or weaker according to the circumstances attending it.   Any reasonable explanation made of such possession, by the defendant, when his right to the property is first questioned, is admissible for him; and, if not shown to be false, rebuts the presumption against him arising from the fact of possession, and necessitates further evidence of his guilt before a conviction is warranted by the law.   (*Perry* v. *The State*, 41 Texas, 483; *Thompson* v. *The State*, 43 Texas, 268; *McCoy* v. *The State*, 44 Texas, 616; *McCall* v. *The State*, 14 Texas Ct. App., 353; *Faulkner* v. *The State*, 15 Texas Ct. App., 115; *Taylor* v. *The State*, Id., 356; *Prator* v. *The State*, Id., 363; *Harris* v. *The State*, Id., 411.)

Other questions presented in the record need not be noticed, because they are of a character not likely to occur on another trial. Because the evidence does not support the conviction, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

[Opinion delivered January 28, 1885.]