No. 6227.

CHARLES LEE *v.* THE STATE.

THEFT—POSSESSION OF RECENTLY STOLEN PROPERTY—CHARGE OF THE COURT.—The rule has been announced in repeated decisions of this court that the possession of recently stolen property is not of itself proof positive of theft, but that the proof of such possession, "however recent, and whether explained or not, is merely a fact or circumstance to be considered by the jury, in connection with all the other facts submitted to them, in determining the guilt of the possessor." The same rule requires that when the accused, upon being first challenged, offers an explanation of his possession, it devolves upon the court to instruct the jury as to the effect of such explanation;—that is, if the explanation is reasonable, it will prevail as against the naked possession unless rebutted by the State. The presumption of guilt which attends possession of stolen property is a presumption of fact for the jury, and not of law. In this case the charge of the court, otherwise correct, instructed the jury that the "possession of recently stolen property is presumptive evidence of guilt." *Held*, error. See the opinion in extenso on the subject.

APPEAL from the District Court of Dallas. Tried below before the Hon. R. E. Burke.

The conviction was for the theft of personal property of the value of twenty dollars and over. The penalty assessed was a term of two years in the penitentiary.

The prosecuting witness, who was the proprietor of the Crutchfield Hotel in the city of Dallas, testified, in substance, that a number of articles, including a lady's skirt, a bedspread, and a trunk which contained among other things a scarf and a red handkerchief, aggregating a value in excess of twenty dollars, were stolen from his said hotel between three and seven o'clock on the morning of (or about) December 1, 1888,—that

morning being Friday. On Sunday morning witness met defendant on the street, wearing the scarf around his neck. He summoned an officer, and accosted defendant, asking him where he got the scarf. Defendant replied that he found the scarf and red handkerchief (which he produced from his pocket, and which the witness identified as the one that was in the trunk when it was taken,) in the Trinity river bottom. He was then arrested, and the officer asked him where the other things were. He replied that they were at a certain saloon, to which he guided the witness and the officer. Arrived at the saloon, he got a bundle and delivered it to witness, who on opening it found it to contain the lady's skirt and bedspread.

The proprietor of the saloon testified, for the State, that the defendant came into the saloon early on Friday morning, and asked permission to leave his bundle. Witness granted the permission. He did not know what the bundle contained until it was delivered to and opened by the prosecuting witness on Sunday morning.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This conviction is for the theft of a trunk, blankets, quilts, bed spreads and divers other articles, amounting in value to over twenty dollars.

The State relied alone upon recent possession of a part of the goods, without reasonable explanation of possession; that is, that appellant's explanation was not reasonable. Upon this matter the learned judge instructed the jury: "Possession of property recently stolen is presumptive evidence of guilt, but, to warrant this presumption from the circumstances of possession alone, such possession must be recent—must be personal and exclusive, and must be unexplained; but if, the first time the defendant's right to said property was called in question, he gave a natural, reasonable, and satisfactory explanation of his possession, it then devolves upon the State to prove such explanation false, and if such explanation be not shown to be false, further evidence of the defendant's guilt will be required."

That possession of property recently stolen is presumptive evidence of guilt as contradistinguished from positive or direct

evidence is unquestionably true. Nor could there be in any case danger to the accused for the court to simply instruct the jury that such was the character of the evidence; that is, to inform the jury that possession of property recently stolen is not positive but circumstantial or presumptive evidence.

But, to instruct that such possession is presumptive evidence of guilt may not be proper, and may work serious injury to the accused. If the jury should understand the court as merely intending, by such instruction, to draw the distinction between positive and presumptive evidence, then there would be no harm; but if they should believe from such instruction, as a rule of law by which they must be governed, they should presume guilt, or that the law presumes guilt when recent possession is shown and the accused fails to explain his possession, then, we say, if such should be their opinion of the charge, a wrong impression would be made upon the minds of the jury, though the possession be recent and unexplained. The instruction quoted, being so framed as to be regarded in the light of the last proposition, was erroneous; and, when viewed in connection with the other facts in this case, was such error as was reasonably calculated to injure the rights of the accused.

The rule which has been repeatedly stated by this court, fol lowing Terry v. The State (41 Texas, 483), is that "proof of the possession of property, however recent, and whether explained or not, is merely a fact or circumstance to be considered by the jury in connection with all the other facts submitted to them, in determining the guilt of the possessor." While this is so, the court should not fail, when the accused explained or accounted for his possession, to properly instruct the jury as to the effect of such evidence. Upon this point the court charged correctly.

We deem it necessary here to make some observations upon this subject. Under our code the judge shall not discuss the facts, nor charge upon the weight of the evidence; and this being a question of fact and not of law, any instruction given as to the effect of, or presumption arising from, other facts proved, is not permitted by the code. But while the court is not permitted to draw conclusions or make presumptions from other facts, it does not follow that the jury can not; on the contrary, this is their duty as well as province.

Let us illustrate. "A" is on trial for theft. The State proves that he was found in exclusive possession of the stolen prop-

erty; that his possession was sufficiently recent to call upon him to account for his possession; that an explanation was directly or constructively demanded of him, and that he failed to explain. · These are all the facts in the case bearing upon the fact as to whether or not he was the taker of the property. Now as a matter of fact, not of law, the presumption would arise that he was the person who took the property, and the jury would be authorized to make such presumption and convict him. But while this is so, it does not follow that the court can instruct the jury to make such conclusion and convict; nor can the court tell the jury that the law engrafts upon such a state of case such a presumption.

Appellant insists that the evidence is not sufficient to sustain the verdict. · We will not discuss the evidence, remarking, however, that we have some doubts as to its sufficiency. For the error in the charge noted above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*