| 58  677 |
| 71  203 |

JOHN STOKES v. THE STATE.

1. LARCENY, GRAND.   *Verdict without proof of value.   Effect.*
   A defendant in an indictment for grand larceny cannot be legally convicted of that offence where there is no proof of the value of the property charged to have been stolen.   Whether a verdict in such case, the evidence being otherwise sufficient, would be sustained as a conviction of petit larceny, *quære.*

:2. SAME.   *Possession of stolen property.   Presumption.   Instruction.*
   In the trial of an indictment for larceny, it is error for the court to instruct the jury that if they believe from the evidence that the property was lost on Monday night and found in the possession of the accused on the Wednesday morning next following, then the law presumes the defendant to have stolen it, and they should convict him upon this evidence alone, without corroboration, unless by proof he overcomes the legal presumption of guilt; and that if he fails to give a reasonable account of his possession, such possession becomes conclusive proof of guilt, and they should find him guilty.

·3. SAME.   *Possession of stolen property.   Presumption.   Proof.   Instruction.*
   In no circumstances does the law make possession of stolen property conclusive proof of guilt, and deduce as a *presumptio juris, et de jure,* that the possessor is the thief.   Such possession can raise only a presumption of fact, and may or may not lead the jury in a case to conclude the guilt of the accused, according to the impression made upon their minds by the evidence; but they should be left free to exercise their own judgment as to the weight of such presumption, and should not be instructed by the court that they must conclusively presume guilt from the fact of such possession, nor that the law so presumes.

APPEAL from the Circuit Court of De Soto County.

Hon. SAMUEL POWELL, Judge.

The case is sufficiently stated in the opinion of the court.

*A. S. Buchanan* and *Malone & Watson,* for the appellant.

1. The fifth charge for the State is objectionable because it. fixes a period of time at which the finding of stolen property in defendant's possession is conclusive evidence of his guilt. We understand the principle of law to be, that no time has. been or can be fixed within which the finding of stolen property in the possession of another can be said to be conclusive evidence of his guilt. Such possession is only *prima facie* evidence of guilt. *Foster* v. *The State,* 52 Miss. 695 ; *Davis* v. *The State,* 50 Miss. 86 ; *Unger* v. *The State,* 42 Miss. 642 ; Stark. on Ev. 840 ; Russ. on Cr. 337 ; *Jones' Case,* 12 Ill. 259 ; *Thompson* v. *The State,* 49 Texas, 272 ; *Thomas* v. *The State,* 43 Texas, 658 ; *McKay* v. *The State,* 44 Texas, 616 ; *The State* v. *Walker,* 44 Iowa, 217 ; *Emmerson* v. *The State,* 48 Iowa, 172 ; *Engleman* v. *The State,* 2 Ind. 91 ;. *The State* v. *Snell,* 46 Wis. 527 ; 2 Best on Ev., sect. 323.

2. The verdict was not warranted by the evidence.

*H. C. Watson,* of counsel for the appellant, argued the case orally.

*T. C. Catchings,* Attorney-General, for the State, filed no brief, but argued the case orally.

CHALMERS, C. J., delivered the opinion of the court.

Defendant was convicted of grand larceny in the stealing of two bales of cotton. There was no proof whatever that the cotton was of any value, so far as the record shows. Mr. Wharton says (2 Am. Cr. Law, 6th ed., 1839) that "there need not be direct evidence of value of an article stolen — *e.g.,* a horse. The value may be inferred from the general evidence." He cites in support of it *Houston* v. *The State,* 13 Ark. 66, where the doctrine was applied to a conviction of grand larceny upon the ground that in Arkansas there were no degrees in larceny. It is only upon this ground that a

conviction of anything more than petit larceny can be sustained without direct proof of value, and the verdict before us can only be affirmed, if at all, as a conviction of petit larceny. Whether, under these circumstances, in the absence of other errors, we would reverse the judgment and enter here a judgment as upon a conviction of the lesser grade of offence is not necessary to be decided, because of another serious error in the record.

The court charged the jury, in the fifth instruction for the State, that if they believed that the property was lost on Monday night and found in the possession of the accused on Wednesday morning, the law presumed the defendant to have stolen it, and the jury should convict him upon this evidence alone, without any corroboration, unless he, by proof, overcome the legal presumption of guilt; and that if he failed to give a reasonable account of his possession, such possession became conclusive proof of guilt, and they should find him guilty.

This is erroneous in every point of view. Recent possession of stolen goods, of itself and by itself, affords very slight evidence of guilt, and verdicts for the crown resting on such proof alone have frequently been set aside by the English courts. More importance is attached to it in America; but even here it is declared by Mr. Greenleaf to be, where unconnected with any other circumstances, of " very slight value or importance," because quite consistent, in many instances, with entire innocence. 3 Greenl. on Ev., sect. 31. Where unexplained by the party it becomes much more potent, and will of itself justify and support a verdict of guilty. Under no circumstances, however, does it ever attain to the dignity of a conclusive presumption of law which compels such verdict, but always remains a presumption or inference of fact from which guilt may, by the jury, be deduced. It is frequently spoken of, both by courts and text-writers, as a legal presumption, or *presumptio juris;* and, though the expression is inaccurate, it would not be deemed material or necessitate a

reversal where, notwithstanding the error of nomenclature, the jury were still left free to exercise their own judgment as to whether it demonstrates guilt to their satisfaction ; but where they are told that it is a conclusive presumption of law, upon which they must or should find the accused guilty, it is fatally erroneous. They may be told that it is a circumstance strongly indicative of guilt, and that it will justify, support, or warrant a verdict for the State ; but they must still be left to decide whether, in fact, it does satisfy them of guilt beyond a reasonable doubt.

Under no circumstances does the law make possession of stolen property conclusive proof of guilt, and deduce as a *presumptio juris, et de jure*, that the party in possession is the thief. This is a deduction which must be made by the jury, or not, as it satisfies their consciences ; and however strongly the one fact may seem to follow from the other, they cannot be told that they must infer it, or that the law infers it for them. *Graves' Case*, 12 Wis. 591 ; *Hull's Case*, 8 Ind. 440 ; *Perry's Case*, 41 Texas, 483.

In *Belote's Case*, 36 Miss. 97, the presumption was recognized and spoken of as being one of *fact*, which, it was said, if unexplained, would " stand and warrant a conviction ;" and yet an instruction was approved which said to the jury that, if you believe the possession is unexplained, you " *will* find the accused guilty." This was equivalent to a command to them to do so, and was improper ; since it can never be admissible for the court to direct a verdict upon an inference of fact which will only warrant or justify it. The jury should have been told that they might find him guilty, or would be warranted in so doing.

Reversed, and new trial awarded.