## LEVI MATTHEWS *v.* THE STATE.

LARCENY. *Recent possession. Presumption.*

In the absence of satisfactory explanation, the jury may infer guilt from the possession of recently stolen property, but it is erroneous to charge that the law presumes the possessor to be guilty.

APPEAL from the Circuit Court of Grenada County.

HON. A. T. ROANE, Judge.

At the trial of this indictment for grand larceny the State proved that Wash Jennings lost a heifer, and that the defendant, about three months afterward, exchanged a heifer of the same size and color, on the public road, about midday, without any attempt at concealment, and sold to a butcher the bullock which he received. The court instructed that if the jury believed from the evidence that Jennings's yearling was stolen, and that recently after the theft it was found in the defendant's possession, the presumption of law was that the defendant was the person who stole it. After a verdict of guilty the appellant moved for a new trial because of the giving of this charge, and excepted to the order overruling the motion.

*Slack & Longstreet,* for the appellant.

Possession of recently stolen property raises a presumption of guilt only when unexplained. The instruction should have stated the law in its entirety. *Davis* v. *State,* 50 Miss. 86; *Foster* v. *State,* 52 Miss. 695; *Stokes* v. *State,* 58 Miss. 677; *Littlejohn* v. *State,* 59 Miss. 273; *People* v. *Noregea,* 48 Cal. 123; *Mondragon* v. *State,* 33 Texas 480; *Galloway* v. *State,* 41 Texas 289; *Thompson* v. *State,* 43 Texas 268; *State* v. *Walker,* 41 Iowa 217; *Smith* v. *State,* 58 Ind. 340; *State* v. *Hodge,* 50 N. H. 510. The evidence is not so conclusive of guilt as to render this error immaterial, but it rather preponderates in favor of innocence.

*T. C. Catchings,* Attorney General, for the State.

The instruction is not erroneous. While it might have been more explicit, it meets the requirements of the rule. Its meaning is that where recently stolen property is found in a man's possession, the law, in the absence of explanation, presumes that he is the thief. The issue of fact was whether the heifer exchanged by the defendant was the lost animal or another. The verdict, to the effect that it was Jennings's heifer, is supported by testimony.

COOPER, J., delivered the opinion of the court.

It was error to instruct the jury that where property has been stolen and is recently thereafter found in possession of a person, the law presumes him to be the person by whom it was stolen. The most that can be said is that the fact of such possession may and ought to be considered by the jury in determining the question of guilt, and that where no reasonable and satisfactory explanation is given of such possession, the jury may from it infer guilt. *Stokes* v. *State,* 58 Miss. 677.

*Reversed.*