## ED HARPER v. THE STATE.

BURGLARY AND LARCENY.  *Recent possession.  Presumption.*

While the recent possession by accused of property burglariously stolen is
a circumstance which may be considered, and from which, in the
absence of a reasonable explanation, the jury may infer guilt, yet the
law does not raise a presumption of guilt from such possession, and it is
error to instruct that it does. *Matthews* v. *State*, 61 Miss., 155.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

Appellant, Ed Harper, was indicted jointly with another
for the offense of burglary and larceny, the indictment
charging that they feloniously and burglariously broke into
a store-house and stole therefrom certain clothing, the house
and clothing being the property of Kelly & Mills. A sever-
ance was granted, and, on the trial of appellant, evidence was
introduced tending to show that, soon after the clothing was
missing, some of it was found in the possession of accused. In
view of the opinion, it is not necessary to set out the evidence.

The instruction for the state the granting of which this
court condemns, is as follows:

"1. The court instructs the jury that where a burglary is
shown to have been committed, and possession of the stolen
goods is proved recently after the loss of said goods, then the
finding of the stolen goods is presumptive evidence that the
possessor thereof committed not only larceny, but burglary,
and if the jury believe from the evidence, beyond a reason-
able doubt, that Kelly & Mills' store was broken into, and
that goods were found in the possession of the accused that
were taken out of said store, and belonged to Kelly & Mills,
then the law presumes defendant is guilty of the crime
charged, unless said possession is reasonably accounted for,
and explained by the evidence in the case."

Defendant was convicted, and, after motion for new trial overruled, appeals.

*Anderson, Haden & Davis* for appellant.

There is no evidence that the goods traced to appellant's possession had been recently stolen. The effect of such evidence, if there was any, should have been left to the jury without any instruction. *Matthews* v. *State*, 61 Miss., 155.

*Frank Johnston*, attorney-general, for the state.

The evidence shows that the stolen goods were found in possession of accused soon after they were stolen, and his explanation was unreasonable and unsatisfactory.

WOODS, J., delivered the opinion of the court.

The evidence of recent possession by the accused of any goods proved to have been burglariously stolen from the store-house of Kelly & Mills, is very unsatisfactory; and the evidence of the burglary itself, as it appears in the record, is also very unsatisfactory.

But we reverse the judgment of the court below because of error committed in giving the first instruction asked by the state. This instruction is clearly in the face of the rule laid down in *Stokes* v. *State*, 58 Miss., 677, and re-affirmed in *Matthews* v. *State*, 61 *Ib.*, 155. The law raises no presumption from recent possession of stolen goods. Such possession is a circumstance for the jury's consideration in determining the question of the defendant's guilt, and, in the absence of a reasonable explanation, the jury may infer guilt.

This instruction is peculiarly obnoxious, inasmuch as possession, and not recent possession, is said by it to raise the legal presumption of guilt. Hence, it is doubly erroneous.

*Reversed and remanded.*