## AUTMAN v. STATE.

### [89 South. 265,   No. 21727.]

1. RECEIVING STOLEN GOODS.  *Presumption of guilt held to arise from* unexplained possession of goods recently stolen.

On the trial of a defendant charged with receiving stolen goods of the value of twenty-five dollars or more (grand larceny under the statute) and the evidence shows beyond a reasonable doubt that goods of the value charged, recently stolen, were found in the possession of the defendant, and shows no satisfactory explanation of such possession, there arises a presumption or inference of fact (not of law) that the defendant is guilty, and guilty as to the whole case—the criminal receipt of the goods and of the grand larceny value as well; and under such proof the jury would be authorized to convict the defendant.

2. RECEIVING STOLEN GOODS.  *Refusal to instruct as to possession of stolen goods held not error.*

In such a case it was not error in the trial court to refuse an instruction requested on behalf of the defendant, that, even if the evidence showed beyond a reasonable doubt that defendant was found in the possession of the stolen property of the value of twenty-five dollars or more, this was no evidence that he had received all of said goods at one time, and raised no legal presumption against the defendant that all of said property was taken at one time.

3. RECEIVING STOLEN GOODS.  *Refusal to instruct that there was no presumption that defendant in possession had received all the property at one time held proper.*

In such a case it was not error in the trial court to refuse to instruct the jury on request of the defendant that, even if the evidence showed that the defendant was found in possession of the recently stolen property amounting in value to twenty-five dollars or more, this did not raise any sort of presumption that he received such property all at one time, and that therefore the jury should not indulge in such presumption.

4. RECEIVING STOLEN GOODS.  *Refusal to instruct that there was no presumption of grand larceny held not erroneous.*

And in such a case the refusal by the court below of an instruction asked on behalf of the defendant that the fact the defendant was found in possession of property which had been feloniously stolen by another raises no sort of presumption of guilt of the charge of grand larceny, was not erroneous.

APPEAL from circuit court of Copiah county.

HON. D. M. MILLER, Judge.

March Autman was convicted of receiving stolen goods, and appeals. Affirmed.

*M. S. McNeil,* for appellant.

At the conclusion of the testimony in this case the defendant, through his counsel, made the following motion: "Comes the defendant and moves the court to grant him a peremptory instruction on the first count in the indictment." This motion was sustained by the court, because the first count of the indictment charged the defendant with larceny, and there was no proof to sustain the charge. The defendant then moved the court to instruct the jury peremptorily to find the defendant not guilty of receiving property exceeding twenty-five dollars in value. This motion was overruled.

The defendant asked and was refused the following instructions: The court instructs the jury for the defendant that the burden of proof is upon the state in this case to prove to you beyond a reasonable doubt every allegation in the indictment necessary for a conviction and the fact, if you believe beyond a reasonable doubt it is a fact, that the defendant had in his possession property stolen from the Noble store, of the value of more than twenty-five dollars, then this fact is no sort of evidence that all of said goods of said value were received by the defendant at one time, and raises no legal presumption against the defendant that all of said property was taken at one time. Therefore, the court tells you that under no circumstances can the jury find the defendant guilty of receiving stolen goods feloniously.

The court instructs the jury for the defendant that the fact, if you believe it to be a fact, that the defendant had in his possession property recently stolen, amounting in value to more than twenty-five dollars, that this does not raise any sort of presumption that he received the property all at one time, and it is the sworn duty of the jury not to indulge in any such presumption.

The court instructs the jury for the defendant that the fact, if you believe it to be a fact, that the defendant had in his possession property which had been feloniously taken from the store of Noble & Gibson raises no sort of presumption of the defendant's guilt on the charge alleged in the indictment.  (In pencil) This is true, if you believe from the evidence the goods were probably taken at different times and in amounts of less value than twenty-five dollars.

It will be noted that the last instruction was not read to the jury because of the modifications which appeared in pencil added by the court to the instruction.  It is the contention of the appellant that the refusal of the court to grant the peremptory instruction, and the refusal of instructions Numbers 2, 3, and 4, and the giving of the state's instruction in the language in which it was given, is fatal error.

The trial court proceeded upon the false idea that because goods of the aggregate value of more than twenty-five dollars were found in the possession of the appellant, that this necessarily raised the presumption that all of said goods were taken or received at the same time.  This position assumed by the court is in direct conflict to the case of *Scarver* v. *State,* 53 Miss. 409.  In this case it will be noted from the facts that the defendant was indicted for grand larceny in the usual form, alleging that the defendant stole certain small articles of merchandise from Ben Hilburn & Co. on the 21st day of August, 1876. The value of the articles, no one of which exceeded four dollars together made the sum of one hundred dollars.  The state requested and was given two instructions.

Although the articles may have been taken at different times, yet, if they were all taken by the defendant, and when thus accumulated, the entire lot was retained and possessed by him, such detention and possession is a continued asportation of the entire lot.

The court instructs the jury that where a person has different articles stolen from him, and such articles are all found in the possession of another person, the presumption is that they were all stolen at the same time, and by the person in whose possession they are found.

Judge CAMPBELL rendered the opinion in this case, and we quote the same here in full: "The instructions given for the state (No. 1 and No. 2 in the record) are erroneous. The first, because it announces that successive petit larcenies, when consolidated, constitute grand larceny, which is not true. It is true that where there is one continuing transaction, the thief may be convicted of the final carrying away, although there may have been several distinct asportations in the view of the law; but where there are successive larcenies, each complete and distinct, and not constituting one continuous transaction, the mere retention and possession by the thief of the fruits of his petit larcenies does not make him guilty of grand larceny."

The second instruction is erroneous, because there is no presumption that articles found in one's possession were all stolen at the same time, when the evidence shows that they were probably not all taken from the possession of the owner, at one time, but at different times. Another objection to this instruction is, that it does not embrace the idea that mere possession must be recent to raise a presumption of guilt; but this qualification is contained in another instruction directly on this subject, and that cures this omission. *Scarver* v. *State*, 53 Miss. 409.

We insist that since the state offered no proof whatever to the effect that all or a sufficient quantity of the goods to amount to twenty-five dollars or more were received at any one time, that this appellant could not under the facts of this record be convicted of anything more than a misde-

meanor under section 1272 of the Hemingway Code, and we further insist that the refusal of the court to grant the instructions complained of was fatal error, and for these reasons this case should be reversed.

*H. Cassedy Holden,* Special assistant attorney-general for the state.

Receiving stolen goods is a statutory form of larceny and the law governing this crime is the same which covers the crime of larceny.

Receiving stolen goods is condemned by section 989, Hemingway's Code. Section 1272, of that code provides that: "In convictions for receiving stolen goods and obtaining money or property under false pretenses, and for embezzlement, if the value of the money or property received or obtained be less than twenty-five dollars the offense shall be punished as petty larceny."

The appellant contends that he could have been convicted only of petty larceny, as provided by the statute just quoted, since it was not proved that at any one time he received stolen goods exceeding twenty-five dollars in value, although it was proved that the goods received by him at different times were valued in the aggregate at more than twenty-five dollars.

Counsel for the appellant maintains that the trial court proceeded upon the erroneous assumption that because goods of the aggregate value of more than twenty-five dollars were found in the possession of the appellant, that this necessarily raised the presumption that all of said goods were taken or received at the same time. It is respectfully submitted that the trial court did not proceed upon this presumption in its instructions to the jury. The instruction for the state does not tell the jury that the finding of the goods in the possession of the defendant is presumptive evidence of guilt or presumptive evidence that the goods found were all received at the same time. The instruction for the state does not so read. See record page 7 nor is the

jury told in any other instruction that the finding of the goods in the possession of the defendant is presumptive evidence of guilt or is presumptive evidence that the goods found were all received at the same time. By reference to the statement of the court at page 78 of the record, it will be seen that it was the theory of the court that the question of whether or not the goods found in the possession of the defendant were received at the same time, was a question for the jury.

The court said: "The defendant does not offer any evidence to show they were taken at different times, and all being found there at one time, I am going to let that question go to the jury. I don't think it is for the court to say they were taken at different times." It is clear that his honor considered this question as being entirely and exclusively within the province of the jury, and not a matter for the court to decide. In this he was absolutely correct.

In this connection the following is quoted from the opinion of the court in the case of ex Parte Jones, (Montana) 126 Pac. 930: Counsel for complainant contends that the evidence goes no further than to establish several distinct and separate larcenies, and insists that where, as here, there are two or more distinct larcenies they cannot be aggregated so as to make the value of the property stolen sufficient to constitute grand larceny; the value of the property taken at any one time not being sufficient for that purpose. The rule invoked is a familiar one, and is recognized by the courts everywhere. 1 McClain's Criminal Law, 584; 2 Bishop's New Criminal Law, 889; Rex v. Petrie, 14 Am. Cr. Rep. 399; Edelhoff v. State, 5 Wyo. 19, 36 Pac. 627; Trask v. People, 35 Colo. 83, 83 Pac. 1010; Peoplé v. Johnson, 81 Mich. 573, 45 N. W. 1119; People v. Hatch, 13 Cal. App. 521, 109 Pac. 1097; Camp v. State (Okla.) 124 Pac. 331; Scarver v. State, 53 Miss. 407; Monoughan v. People, 24 Ill. 340. But there is an exception to this rule which is seemingly as well recognized as the rule itself. That, though the larceny is of several different articles, if they are then taken in substantially the same transaction, their

value may be aggregated, in order to make out a charge of grand larceny. See cases cited, *supra;* also 2 Bishop's New Criminal Law, 889; 1 McClain's Criminal Law, 584; *State* v. *Wise,* 186 Mo. 42, 84 S. W. 954; *State* v. *Reinhart,* 26 Or. 466, 38 Pac. 822; *Flynn* v. *State,* 47 Tex. Cr. Rep. 26, 83 S. W. 206; *Cody* v. *State,* 31 Tex. Cr. Rep. 183, 20 S. W. 398; *Carl* v. *State,* 125 Ala. 89, 28 So. 505; *State* v. *Mandich,* 24 Nev. 336, 54 Pac. 516; *State* v. *Martin,* 82 N. C. 672; *Weaver* v. *Commonwealth,* 86 S. W. 551, 27 K. Y. Law Rep. 743; *State* v. *Gibson,* 37 Utah, 330, 108 Pac. 349.

. Each case must be determined upon its own special facts and circumstances. If, as it is said by some of the courts, the different asportations are prompted by one design, one purpose, one impulse, they are a single act, without regard to time. It will be noted that in some of the cases cited the charge was embezzlement. They are pertinent here, however, because in this state the crime of embezzlement is declared to be larceny, and punishable as such. It will also be observed that there is some lack of harmony in the cases as to what conclusion should be drawn from particular facts and circumstances. The cases of *State* v. *Gibson,* and *Edelhoff* v. *State, supra,* are illustrative. But, however, this may be, we do not think that in this proceeding we should undertake to decide finally that the complainant ought not to be put upon her trial for grand larceny.

"It is to be borne in mind that the case presented to us is merely upon the evidence submitted to the justice. The county attorney was only required to submit proof sufficient to show probable cause to believe the defendant guilty of the charge. Rev. Code, 9090, 9644. As was observed by the court in *Cody* v. *State, supra,* the question whether there was one transaction or several distinct transactions is a question to be determined by the trial court and jury when all the facts and circumstances have been presented by the evidence."

It is undoubtedly the law that successive petty larcenies cannot be compounded under the charge of grand larceny, if the petty larcenies are each separate and distinct

offenses. *Scarver* v. *State,* 53 Miss. 407; *Cody* v. *State,* 20 S. W. 398; *Weaver* v. *State* (Ky.), 86 S. W. 551; *Ackerman* v. *State* (Wyo.), 54 Pac. 228; *Flynn* v. *State* (Tex.), 83 S. W. 206; *Ex Parte Jones* (Mont.), 126 Pac. 929; *Camp* v. *State* (Okla.), 124 Pac. 331; *Wilson* v. *State,* (Tex.) 158, S. W. 516.

The state cannot and does not argue against the rule laid down by this court in the Scarver case. But in the Scarver case the jury was instructed that although the articles were taken at different times, yet if they were all taken by the defendant and when thus accumulated, the entire lot was retained and possessed by him, such detention and possession is a continued asportation of the entire lot; and was further instructed that where a person has different articles stolen from him, and such articles are all found in the possession of another person, the presumption is that they were all stolen at the same time by the person in whose possession they are found. In the case at bar no such instructions were granted by the court. The jury was not told that the accumulation and retention of articles taken at different times constituted a single continued asportation of the entire lot; nor was it told that the defendant was presumed to have taken at the same time all the stolen goods found in his possession. In the case at bar there are no erroneous instructions such as were in the Scarver case. Whether or not there was a continuous asportation, and whether the stolen goods found in the possession of the defendant were received at the same time were questions which were left to the jury to decide.

The appellant complains of the refusal of the court to grant certain instructions which appear at pages 8 and 9 of the record and are numbered 2, 3, and 4.

Instruction No. 2, refused by the court, is plainly erroneous in that it seeks to tell the jury that under no circumstances can the defendant be found guilty of receiving stolen goods feloniously. It was not impossible under the law for the jury to bring in such a verdict. This instruction is tantamount to a peremptory instruction, and would

have been erroneous had it been granted. The facts did not justify a peremptory instruction in favor of the defendant, but left the matter of the defendant's guilt of receiving stolen goods in doubt. The jury had a right to determine whether or not the stolen goods found in the possession of the defendant were received at one time or at different times; if they determined that these goods were received at one time then they had a right to bring a verdict of guilty as charged; if they determined that the stolen goods were received at different times, then they had a right to find the defendant guilty and fix his punishment as if he had committed petty larceny.

Instruction No. 3 refused by the court was properly refused. It would have confused the jury and handicapped them in making up their verdict and the court acted properly in declining to complicate the case in the hands of the jury by instructing them concerning presumptions.

Instruction No. 4 was properly refused by the court, except as modified. There is no presumption either in favor of the defendant or against him in the matter of his possession of the stolen property. There is no presumption either one way or the other because the person has stolen goods in his possession; there is no presumption that he is guilty of receiving stolen goods, nor is it presumed that he is not guilty of receiving the stolen goods. This was a case entirely for the jury upon the facts and circumstances in evidence, and the jury should have been left free to determine this question without being confused by instructions concerning presumptions of law or fact.

It is submitted that the judgment of the lower court should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Copiah county of the willful, unlawful and felonious receiving of goods of the value of thirty dollars stolen by his brother, York Autman, from the mercantile firm of

Noble & Gibson, and sentenced to the penitentiary for a term of two years, from which judgment and sentence he appeals to this court.

The action of the court below in refusing three instructions, marked in the record Nos. 2, 3, and 4, requested on behalf of appellant, is assigned as error. Each of these instructions sought to inform the jury in varying language that proof beyond a reasonable doubt that appellant was found in possession of the stolen goods of the value of twenty-five dollars or more was no sort of presumption or evidence that he received all such goods at one time. Perhaps the questions for decision will more clearly appear if these refused instructions are copied in full. They here follow:

"No. 2. The court instructs the jury for the defendant, that the burden of proof is upon the state in this case to prove to you beyond a reasonable doubt every allegation in the indictment necessary for a conviction, and the fact, if you believe beyond a reasonable doubt it is a fact, that the defendant had in his possession property stolen from the Noble store, of the value of more than twenty-five dollars then this fact is no sort of evidence that all of said goods of said value were received by the defendant at one time, and raises no legal presumption against the defendant that all of said property was taken at one time. Therefore, the court tells you that under no circumstances can the jury find the defendant guilty of receiving stolen goods feloniously.

"No. 3. The court instructs the jury for the defendant, that the fact, if you believe it to be a fact, that the defendant had in his possession property recently stolen, amounting in value to more than twenty-five dollars that this does not raise any sort of presumption that he received the property all at one time, and it is the sworn duty of the jury not to indulge in any such presumption.

"No. 4. The court instructs the jury for the defendant, that the fact, if you believe it to be a fact, that the defendant had in his possession property which had been feloniously taken from the store of Noble & Gibson, raises no

sort of presumption of the defendant's guilt on the charge alleged in the indictment."

It is not clear from the record, and probably not material, whether York Autman, the brother of appellant, had pleaded guilty to only the larceny of the goods found in possession of appellant, or to a charge of burglary, and larceny of said goods; but it seems it was the latter, for he stated in his testimony that he had pleaded guilty to the charge of going into Noble's store and stealing these goods. It was not shown by the evidence whether the goods found in possession of appellant (which were of the value of sixty-four dollars were taken by his brother, York, at one time, or whether they were the aggregate of several takings, and likewise there was an absence of evidence as to whether appellant received from his brother all the goods at one time, or they were the aggregate of several receipts. There was testimony, however, tending to show that, if it was a fact the goods found in appellant's possession were the result of several different takings by his brother, York, and came into appellant's possession in several different installments, still such takings by his brother and receipt by him constituted one continuing transaction; for York testified that he had a key to the store where he got the goods, and during a period of about three months—January, Feb-. ruary and March—he often went in the store and got what he wanted; from which it may be reasonably inferred that each separate taking was the result of one design and all together constituted one continuing transaction. And several witnesses testified to a voluntary confession made by appellant after his arrest in which he stated, among other things, that he knew his brother York was breaking into and stealing goods from the store of Noble & Gibson, and he tried to dissuade him therefrom; from which it may be reasonably inferred that, if appellant received the goods found in his possession at different times, and in different quantities, it was a continuing transaction, and the result of one design on his part. It will be observed that the central idea embodied in each of the three instructions—the re-

fusal of which by the court is complained of—is that the fact, although proven beyond a reasonable doubt, that appellant was found in possession of goods stolen by his brother York of the value of more than twenty-five dollars was no evidence or presumption whatever that he received them all at one time; and that, with no further evidence on that point, it would be the duty of the jury to acquit on the charge of grand larceny.

The rules of evidence governing in prosecutions for larceny and receiving stolen goods are very largely the same, because of the similarity in the nature and character of the two offenses; this is especially true of the value and weight of evidence showing possession by the accused of recently stolen goods. *Scarver* v. *State,* 53 Miss. 407, is relied on as supporting the contention on behalf of appellant. The two instructions given for the state in that case, and held erroneous by this court, were in the following language:

"(1) Although the articles may have been taken at different times, yet, if they were all taken by the defendant, and when thus accumulated the entire lot was retained and possessed by him, such detention and possession is a continued asportation of the entire lot.

"(2) The court instructs the jury that, where a person has different articles stolen from him, and such articles are all found in the possession of another person, the presumption is that they were all stolen at the same time, and by the person in whose possession they are found."

The court said in reference to these instructions:

"The instructions given for the state (No. 1 and No. 2 in the record) are erroneous: the first because it announces that successive petit larcenies, when consolidated, constitute grand larceny, which is not true. It is true that, where there is one continuing transaction, the thief may be convicted of the final carrying away, although there may have been several distinct asportations in the view of the law; but where there are successive larcenies, each complete and distinct, and not constituting one continuous transaction, the mere retention and possession by the thief

of the fruits of his petit larcenies does not make him guilty of grand larceny.

"The second instruction is erroneous because there is no presumption that articles found in one's possession were 'all stolen at the same time,' when the evidence shows that they were probably not all taken from the possession of the owner at one time, but at different times. Another objection to this instruction is that it does not embrace the idea that mere possession must be recent to raise a presumption of guilt; but this qualification is contained in another instruction directly on this subject, and that cures this omission."

A brief review of the opinions of this court in some other cases will throw light on what the court meant in the Scarver Case. In *Stokes* v. *State,* 58 Miss. 677, the court held erroneous an instruction for the state which told the jury that possession by the defendant of recently stolen goods, not satisfactorily explained, resulted in law in a presumption of guilt. The court, in commenting on this instruction, among other things said:

"Where unexplained by the party it becomes much more potent, and will of itself justify and support a verdict of guilty. Under no circumstances, however, does it ever attain to the dignity of a conclusive presumption of law which compels such verdict, but always remains a presumption or inference of fact from which guilt may, by the jury, be deduced. It is frequently spoken of, both by courts and text-writers, as a legal presumption, or *presumptio juris;* and, though the expression is inaccurate, it would not be deemed material or necessitate a reversal where, notwithstanding the error of nomenclature, the jury were still left free to exercise their own judgment as to whether it demonstrates guilt to their satisfaction; but where they are told that it is a conclusive presumption of law, upon which they must or should find the accused guilty, it is fatally erroneous. They may be told that it is a circumstance strongly indicative of guilt, and that it will justify, support, or warrant a verdict for the state; but they must still be left

41

to decide whether, in fact, it does satisfy them of guilt beyond a reasonable doubt.

"Under no circumstances does the law make possession of stolen property conclusive proof of guilt, and deduce as a *presumptio juris, et de jure,* that the party in possession is the thief. This is a deduction which must be made by the jury, or not, as it satisfies their consciences; and, however strongly the one fact may seem to follow from the other, they cannot be told that they must infer it, or that the law infers it for them. *Graves' Case,* 12 Wis. 591; *Hall's Case,* 8 Ind. 440; *Perry's Case,* 41 Tex. 483.

In *Matthews* v. *State,* 61 Miss. 155, in criticizing a like instruction for the state, Judge COOPER for the court said:

"It was error to instruct the jury that where property has been stolen, and is recently thereafter found in possession of a person, the law presumes him to be the person by whom it was stolen. The most that can be said is that the fact of such possession may and ought to be considered by the jury in determining the question of guilt, and that, where no reasonable and satisfactory explanation is given of such possession, the jury may from it infer guilt. *Stokes* v. *State,* 58 Miss. 677."

In *Harper* v. *State,* 71 Miss. 202, 13 So. 882, the court held that, while recent possession by the defendant of property burglariously stolen is a circumstance which may be considered, and from which, in the absence of a reasonable explanation, the jury are authorized to infer guilt, yet the law does not raise a presumption of guilt from such possession, and it is error to so instruct the jury for the state.

*Snowden* v. *State,* 62 Miss. 100, was a prosecution for grand larceny, the charge being that defendant stole four pieces of bacon and one shotgun of the value of more than, twenty-five dollars. Recently after the larceny the defendant was found in possession of only part of the stolen goods —two and one-half pieces of the meat. The court at the instance of the state gave the jury the following instruction:

"(4)  Possession of recently stolen goods is presumptive evidence of guilt of larceny of the goods, and if the jury believe from the evidence in the cause, beyond all reasonable doubt, that the meat or any part of it charged in the indictment to have been stolen was at any time soon after its being stolen in the possession of defendant, then this possession is presumptive proof of defendant's guilt as charged, and the burden of explaining or accounting for such pos session is cast upon the defendant, and unless satisfactory explanation is given by him the jury would be warranted in finding him guilty."

This instruction was challenged on two grounds, viz.: That it authorized the jury to infer or presume from the evidence the theft by the defendant; and also that the value of the goods stolen was sufficient in amount to authorize a conviction of grand larceny.  The court in its opinion responding to these objections, said:

"The fourth instruction given for the state, in speaking of the presumption arising from the recent possession of stolen goods, confounds the words 'proof' and 'evidence,' using both words interchangeably with the same meaning in the same sentence.  Such use of the words is improper, though frequently adopted by the best writers, and manifestly here could not have worked any injury.

"The contention that no legal presumption as to grand larceny could arise because only a small portion of the stolen property was recovered is wholly untenable.  Manifestly, a presumption as to the whole must arise from the unexplained discovery of a portion."

We are of opinion that this last case is decisive of the question involved in the present case; for the court clearly held that, where the theft of goods of sufficient value to constitute grand larceny had been shown, and the accused found, recently thereafter, in possession of part of the goods, but of a value otherwise insufficient to raise the offense to grand larceny, and no reasonable explanation had been given of such possession, yet the jury were not only authorized from such evidence to indulge in the inference

of the guilt of the defendant as to the larceny, but also as to the grade of the offense—that it was grand larceny; that the presumption or inference of fact extended to the whole case.

The *Scarver Case*, 53 Miss. 407, relied on by the appellant, is not in conflict with any of these cases. By each of the three instructions in question in the case before the court it was sought to have the trial court to charge the jury that they would not be authorized to infer guilt of grand larceny alone from the fact that recently stolen goods of the value of twenty-five dollars or more had been found in possession of appellant. In Scarver's Case, in one instruction, the jury were charged for the state that, although the goods were taken at different times, still, if they were accumulated by the defendant in one lot, and he retained possession of the same, then this constituted "a continued asportation of the entire lot." This instruction was held erroneous on the very evident ground that it announced that successive petit larcenies, when consolidated, constitute grand larceny; but the court said in passing on this instruction that, where such successive petit larcenies are one continuing transaction, "the thief may be convicted of the final carrying away," and, if the vaule be sufficient, it is grand larceny. And in the other instruction they were told that all the stolen articles found in possession of the defendant were presumed (meaning, in the light of the above authorities, presumption of law) to have been stolen at the same time, by the person in whose possession they were found. The instruction was very properly held erroneous on these grounds: First, that there is no such presumption in law; second, that the evidence showed that the goods were probably taken by the thief, not at one time, but at different times; and third, that the instruction failed to embrace the idea that mere possession must be recent in order to raise a presumption of guilt. We see no conflict whatever between the *Scarver Case* and the *Snowden Case,* supra; and, as already stated, the latter case is decisive against appellant of the questions involved in this case.

` We conclude that on the trial of a charge of receiving stolen goods of the value of twenty-five dollars or more (grand larceny under our statute), and goods of that value recently stolen are found in possession of defendant, and the testimony shows no satisfactory explanation of such possession, then there arises a presumption or inference of fact (not of law) that the defendant is guilty—and guilty as to the whole case, the criminal receipt of the goods, and of the grand larceny value as well—and if such a state of facts be proven beyond a reasonable doubt, the jury would be authorized to convict.  On the other hand, if there is enough in the evidence to raise a reasonable doubt in the minds of the jury as to any one or more of the essential elements of the crime, the jury should acquit.  For illustration, take one of the elements:  If there should be a reasonable doubt from the evidence as to whether the goods found in possession of the defendant were of the value of twenty-five dollars or more, or, if of that value, whether such value was made up of several petit larcenies or one larceny, then it would be the duty of the jury to acquit.  And, at the instance of the state or the defendant, it would be the duty of the trial court, in an appropriate case, to grant instructions as to the jury embodying those principles of law.

*Affirmed.*