PATTERSON *v.* STATE.

(Division A.   Oct. 1, 1934.)

[156 So. 595.   No. 31384.]

(1)

**Hearst & Pittman,** of Hattiesburg, and **Jesse Patten,** of Sumrall, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of grand larceny. The indictment charges the theft of a "lot of mill brass and copper," being parts of specified machinery belong-to the J. J. Newman Lumber Company.

According to the evidence for the state, the J. J. Newman Lumber Company owned a planing mill situated in Lamar county, which it had ceased to use, but had placed

it in the custody of a caretaker. This caretaker, at different times during the months of July and August, discovered that certain parts of the machinery had been removed therefrom without his consent or that of the J. J. Newman Lumber Company.

It is clear, from the caretaker's evidence, that these parts of the machinery were not removed therefrom at the same time, but different parts thereof were removed at separate and distinct times. All of these missing parts were discovered in the possession of a junk dealer in Forrest county. This dealer had bought them at various times from the appellant who delivered them in person to the dealer in Forrest county. He bought the articles as junk, and kept no account of what articles composed the different sales to him. The value of each separate delivery of junk, as such, to this dealer, was less than twenty-five dollars, but the aggregate value of all of these deliveries exceeded twenty-five dollars.

According to the evidence of the caretaker, some of the parts of machinery, evidently removed at one time, were worth more than twenty-five dollars.

Though the theft of the property occurred in Lamar county, the court below had jurisdiction thereof under section 1188, Code of 1930.

The appellant's main contention is that the evidence does not support the verdict, in this, that it appears therefrom that the appellant, if guilty at all, is guilty of separate and distinct larcenies, each of which was of property of less value than twenty-five dollars.

It is said, for the state, that the evidence discloses that the various asportations of property were part of one continuous transaction, and therefore the aggregate value of the property taken determines the grade of the offense. The evidence is not susceptible of this construction, and discloses not one continuous transaction, but separate and distinct larcenies.

The case, in this aspect, cannot be distinguished from Scarver v. State, 53 Miss. 407. Compare Dodson v. State, 130 Miss. 137, 93 So. 579, and Autman v. State, 126 Miss. 629, 89 So. 265.

The evidence, however, would support the verdict for grand larceny, if that of the caretaker is true, that property of value in excess of twenty-five dollars was stolen at one time.

The instructions for the state, however, did not proceed upon this theory, and authorized a conviction for grand larceny in event the aggregate value of the property stolen exceeded twenty-five dollars. Such an instruction should not have been given. Scarver v. State, supra.

Reversed and remanded.