KIRBY v. STATE.

In Banc. April 11, 1949.

(39 So. (2d) 770)

232

**W. T. Wier** and **Cooper & Lewis** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

The appellant was indicted on a charge of grand larceny of two young cows in Neshoba County, Mississippi, and plead not guilty. The State introduced Roy Jolly, the owner of the cattle alleged to have been stolen, and he testified that he had some cattle in his pasture and that someone took a blue jersey heifer, two years old, and a red jersey heifer, one and a half years old. He later located the blue jersey heifer in the pasture of a Mr. Winstead. He also testified that he authorized no one to take the cattle or to sell them.

Mr. Winstead testified that he was in Philadelphia, Mississippi, with his truck used by him in his cattle business, and that the appellant approached the truck while he was not there and asked Mr. Winstead's children, who

were on the truck, if their father was engaged in the buying of cattle. They explained to him that he was and that he would return to the truck shortly. Shortly thereafter Mr. Winstead returned to the truck and the appellant approached him about buying some cattle from him. Mr. Winstead and the appellant left the children in Philadelphia and drove to the pasture where the cattle were, and then appellant and Mr. Winstead loaded the two heifers onto the truck after they had agreed upon a purchase price and same had been paid to the appellant by Mr. Winstead. He further testified that when Mr. Jolly inquired of him as to whether he had bought any cattle near Philadelphia, he told Mr. Jolly about the deal with the appellant. He carried Mr. Jolly to his pasture, and Mr. Jolly there identified the blue heifer as the one that was stolen from his pasture, and as being his own property. He surrendered the heifer to Mr. Jolly.

Mr. Winstead was not acquainted with the appellant, having seen him only on the occasion of this business transaction. Later he identified the appellant in the sheriff's office as the man who had sold him the two heifers. He also testified that he had sold the red heifer. Mr. Winstead's children were introduced as witnesses, and they identified the appellant as the man who had approached the truck and who had gone off with their father to see about the sale and delivery of the cattle. The appellant was positively identified by Mr. Winstead and the children as being the person who sold the cattle to Mr. Winstead.

The appellant denies that he sold any cattle to Winstead.

There was a conviction in the lower court and the appellant was sentenced to fifteen months in the penitentiary, and from this judgment he appealed here. Four grounds of error are assigned, but only two of these merit any discussion here.

It is first assigned as error that the court erred in overruling the motion to exclude the testimony of the State

and direct the jury to find the defendant not guilty. This motion was made at the conclusion of the State's evidence. ■■ As usual, in these types of cases, the testimony was in conflict, but after a careful perusal of the record, we are convinced that the court was correct in overruling the motion to exclude the evidence, and also in submitting the matter to the jury. The defendant followed this up with a request for a peremptory instruction, which was denied by the court, and properly so. The testimony in this record establishes the guilt of the defendant beyond a reasonable doubt, and no honest jury could have returned any verdict other than one of guilty as charged, upon the evidence disclosed in this record.

The second assignment of error is based upon an instruction given the State by the court, which reads as follows: "The court instructs the jury for the State that if you believe beyond a reasonable doubt from the evidence in this case that the defendant, William D. Kirby, at the time and place charged and testified about, did unlawfully and feloniously take, steal and carry away a heifer or heifers as charged in the indictment, of the value of $25.00 or more, the personal property of Roy Jolly, then you should convict the defendant and the form of your verdict may be: 'We, the jury, find the defendant guilty as charged.' "

The appellant objects to this instruction on the ground that it charges two separate larcenies, one for the stealing of a blue heifer, and another for the stealing of a red heifer, while the only one found was the blue heifer of Mr. Winstead. However, the testimony in the record discloses that Mr. Winstead bought both the blue heifer and the red heifer from the appellant, and that he later sold the red heifer, and for this reason it was not recovered by Mr. Jolly.

It is further objected that the instruction is improper for the reason that it refers the jury to the indictment for a description of the cattle charged to have been stolen.

Among the instructions given for the defendant was the following instruction: "The court instructs the jury for the defendant that before you can convict him, you must believe from the evidence in this case beyond every reasonable doubt and to a moral certainty that the defendant was present at the time and place testified about, and that he feloniously did steal and carry away the cows here in question at said time and place, and unless you do so believe from the evidence beyond every reasonable doubt and to a moral certainty that he was present at said time and place and did feloniously steal and carry away the cows here in question, then it is your sworn duty to find the defendant not guilty, and return the following verdict, to-wit: 'We the jury find the defendant not guilty.' "

██ It will be seen that this instruction referred to the stolen cattle as "the cows here in question." We do not find any error in the State's instruction. The indictment charged the larceny of the two heifers and described them, and while one of the heifers taken from the pasture was later sold, and was not recovered by Mr. Jolly, nevertheless it is sufficient if one of the heifers was later recovered and identified by Mr. Jolly as being the property which was taken from him, and that it was worth approximately $75. In other words, the value of the one that was identified was more than $25, and the proof shows that she was of the same description as the larger and older heifer taken from the pasture, and this makes out a case of grand larceny. Patterson v. State, 171 Miss. 1, 156 So. 595.

The defendant was given liberal instructions and his defense was presented in the instruction. There were no erroneous instructions, and the law was fairly charged to the jury. The proof of appellant's guilt was abundant beyond a reasonable doubt.

We find no error in the record and the judgment of the lower court must be affirmed.

Affirmed.