MANNING *v.* STATE.

[91 South. 902. No. 22460.]

RECEIVING STOLEN GOODS. *A conviction for receiving stolen goods, based on evidence showing defendant guilty of larceny, cannot be sustained.*

Where defendant was convicted of receiving stolen goods on evidence showing that he was guilty of larceny, the conviction cannot be sustained.

APPEAL from circuit court, Forrest county.

HON. R. S. HALL, Judge.

Earl Manning was convicted of receiving stolen goods, and sentenced to pay a fine and to confinement in jail, and he appeals. Reversed and remanded.

*D. W. Draughn,* for appellant.

The indictment charges the defendant with receiving stolen goods the property of Gulf & Ship Island R. R. Co., the evidence shows that the railroad did not own the goods in question. If defendant was guilty of anything it was stealing. You can not convict for receiving stolen goods when the evidence shows that the defendant is guilty of

larceny. The remarks of witness Massengale that the defendant was reported as a natural born thief, when defendant's character had never been placed in question, was highly erroneous. A jury would likely give a great deal of weight to such a remark. Now, as to the remarks of the county attorney and district attorney, I submit same to this court to be given what consideration they should have.

*H. Cassedy Holden,* special assistant for state.

The appellant was indicted, tried and convicted of receiving stolen goods in the circuit court of Forrest county. He was sentenced to pay a fine of two hundred dollars and suffer confinement in the county jail for six months, from which he appeals. The indictment charged that the appellant received and had in his possession eight pairs of shoes of the value of sixteen dollars, knowing the same to have been stolen. All of the evidence for the state showed that the appellant, together with one Luther Brown, had· stolen the shoes. In other words, the appellant was charged with receiving stolen goods and the proof made out a case of petty larceny.

In view of the above facts the case is submitted in the light of *Sartorious* v. *State,* 24 Miss. 602; *Frank* v. *State,* 67 Miss. 125, 6 So. 842.

ANDERSON, J., delivered the opinion of the court.

Appellant, Earl Manning, was indicted, tried, and convicted in the circuit court of Forrest county or receiving stolen goods, and sentenced to pay a fine of two hundred dollars and to confinement in the county jail for six months, from which judgment he prosecutes this appeal.

The indictment charged that the appellant received and had in his possession eight pairs of shoes of the value of sixteen dollars, knowing the same to have been stolen. The ̇̇̇  evidence in the case showed that appellant was guilty of the larceny of the shoes in question. It is con-

tended on behalf of the appellant that, under the authority of *Sartorious* v. *State,* 20 Miss. 602, and *Frank* v. *State,* 67 Miss. 125, 6 So. 842, the judgment of the trial court must be reversed. It was held in each of those cases that, where a defendant is charged with receiving stolen goods and the evidence shows that he is guilty of the larceny of the goods in question, he cannot be convicted of the offense with which he is charged. These cases, therefore, are decisive of the question here in favor of the contention of the appellant. This is simply a case where the defendant was charged with one offense and convicted of another separate offense. The two offenses are akin to the extent that the crime of receiving stolen goods cannot be committed, except as to goods which have been stolen. But the thief cannot be guilty of both offenses.

*Reversed and remanded.*