SANFORD *v.* STATE.

(Division A. Nov. 4, 1929.)

[124 So. 353. No. 28022.]

**Roberson & Cook,** of Clarksdale, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted for receiving stolen property knowing that it had been stolen.

The burglary of a store was proven, or at least we will assume that it was, and certain articles of merchandise were stolen therefrom. Shortly thereafter the appellant and Sam Madison offered to sell some of the articles of merchandise which they then had, to Hudson, who declined to purchase, but permitted them to store the articles with him. Afterwards a coat stolen from the store was sold by the appellant, who was then alone, to Walker. The appellant stated to Hudson that he and Madison had purchased the articles from another whose name they did not disclose. Over the objection of the appellant, the state proved, by the record, that Madison had been indicted for, pleaded guilty to, and had been sent to the penitentiary for, the burglary. A peremptory instruction requested by the appellant was refused.

. The unexplained possession of stolen property shortly after the commission of a larceny is a circumstance from which guilt of the larceny may be inferred, but no inference can be drawn therefrom alone that the one in possession of the property received it from another knowing that it had been stolen. Sartorious v. State, 24 Miss. 602; Manning v. State, 129 Miss. 179, 91 So. 902.

The argument for the state, in effect, is that the burglary and larceny were proven to have been committed by Madison, and the other circumstances hereinbeforesaid found were sufficient to warrant the jury in believing that the appellant thereafter received the property knowing it had been stolen. The record of Madison's conviction was incompetent, Kirby v. U. S., 174 U. S. 47, 19 S. Ct. 574, 43 L. Ed. 890, but, if it were competent, it does not negative the participation by others, including the appellant, in the burglary and robbery. So that, as-

suming for the purpose of the argument that, had the commission of the larceny by the appellant been negatived, the evidence would be sufficient to support his conviction for receiving the property knowing that it had been stolen, the commission of the larceny by the appellant was not negatived, from which it follows that the peremptory instruction requested by him should have been given.

Reversed, and appellant discharged.