# CLAXTON *v.* STATE.

(Division B.  April 10, 1939.)

[187 So. 877.  No. 33555.]

**M. C. Young**, of Aberdeen, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **M. C. Young,** for appellant, and by **W. D. Conn, Jr.,** for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

H. A. Claxton was indicted in the circuit court of Monroe county of having received or obtained stolen property, with knowledge of the fact. The indictment, omitting the formal parts, charged that the defendant "did unlawfully and feloniously buy and obtain the dressed meat of a certain Duroc brood sow, of the value of Thirty Dollars in money, the personal property of E. B. Heller, which said meat prior thereto recently had been feloniously stolen, taken and carried away, he, the said H. A. Claxton well knowing the said personal property to have been recently feloniously stolen and carried away as aforesaid, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

This indictment was demurred to, the demurrer affirming, first, that the indictment charged no crime known to the law; second, that the defendant did "buy and obtain" the property, which is not the language of the statute, and does not mean the same and is not of the same construction; and third, that it failed to allege that the defendant knew the property was "so taken," but charged him with "well knowing the said personal property to have been recently feloniously stolen and carried away as aforesaid," and that this was fatal, because it does not allege that the property was "taken." This demurrer ws overruled, and the case came on for trial before the jury.

It appeared that the appellant, H. A. Claxton, had in his possession a large dressed hog, weighing about 350 pounds, which he was trying to sell; that Heller, the alleged owner of the hog, saw it as it lay in the truck, and recognized his mark; also, the hog being imperfectly dressed, he saw by the hair remaining on the carcass that it was of the same kind as the missing hog. At that time hogs were selling at about ten cents a pound on foot, and about twelve or thirteen cents a pound dressed; and that

the hog would bring about $42 dressed. When Heller identified the hog on the truck as being his missing hog, the appellant stated that he had brought it over about Egypt, some ten miles distant. He was thereupon asked to go with a deputy sheriff and the owner, Heller, to locate the person from whom he bought it. Upon reaching a certain part of the town of Amory, he stated that he had bought it from a person living near where they were; and Heller and the officer went with the appellant to the house where he claimed to have procured the hog, and entering, found indications that it had been dressed there. It appeared that this house was occupied by a woman whose son was in some way connected with the theft, and who was then in the state penitentiary, for participation in the crime. This woman testified that Claxton tried to induce her to testify that the hog belonged to her or her son, which she declined to do. The appellant left this place without going in, returning to the business section of the town, apparently trying to sell the meat, and had disposed of some of it. He demanded of the owner that he be paid $10, which he then claimed to have paid for the meat. This was refused, and a replevin suit was instituted to secure possession of the meat. On the trial in the circuit court the appellant testified that he paid $15 for the meat, or butchered hog, not knowing it was stolen.

It is urged that the evidence is not sufficient to sustain a conviction, but we are of the opinion that it is sufficient for that purpose. It is argued that the indictment was imperfect, in that it used the words "buy or obtain," instead of "buy or receive," and that the words have not the same meaning—that it was insufficient to charge that he obtained the meat. It is also complained that the language of the indictment above quoted omitted the word "take" or "taken," and for this reason was defective. We think the words used in the indictment are sufficient to charge the offense of which the appellant was

convicted. They are practically synonymous with the words which, it is contended, should have been used.

The evidence was conflicting in regard to the value of the stolen property, appellant showing that it was of the value of $20; while Heller, the owner, claimed it was worth $42. The appellant requested an instruction to the jury to find the value of the property in their verdict.

While the statute makes a distinction between the crime of larceny or theft of property valued above $25, and that worth less than that sum, the larceny or theft of property in excess of $25 being a felony, and below that a misdemeanor, that distinction does not exist under the statute denouncing the offense here involved, which is section 1017, Code of 1930. That section reads as follows: "If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, not more than two hundred and fifty dollars."

It will be noted that the phrase, "buy or receive," is used in the statute, and either the buying or receiving of property, knowing it to be stolen, would make out the crime. The statute expressly provides that if a person buys or receives in any manner, or for any consideration, personal property of any value feloniously taken away from another, knowing this to be the fact, "he shall be guilty of receiving stolen goods," etc. Under this section, the value of such goods is immaterial. If a person receives stolen property, knowing it to be such, in the manner denounced by the statute, he is guilty of a felony, regardless of the value of such property; although the punishment, in the discretion of the court, may be a sentence to the penitentiary, or by im-

prisonment in the county jail, or by a fine named in the statute.

It was, therefore, not error for the court to refuse the instruction to the jury that it must find the value of the property; and this is not affected by the fact that the state, in its instructions, treated the matter as though the value, in order to become a felony, must exceed $25.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.