CROWELL *v.* STATE.

(In Banc. Nov. 8, 1943.)

[15 So. (2d) 508. No. 35322.]

G. W. Hosey, of Laurel, for appellant.

**Greek L. Rice**, Attorney-General, by **R. O. Arrington**, Assistant Attorney-General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Under an indictment charging him with the crime of receiving stolen goods knowing the same to have been stolen, the appellant was tried and convicted of such offense, and was thereupon sentenced to serve a term in the state penitentiary.

On this appeal, he seeks a reversal of the case chiefly on the following grounds: (1) The refusal of the trial court to grant a peremptory instruction in his favor; (2) the granting of an instruction in favor of the state in form and substance as hereinafter set forth; (3) the action of the trial court in sentencing the accused to serve a term in the state penitentiary, where it was shown that the property involved was of less than $25 in value.

The proof on behalf of the state disclosed that the appellant, Crowell, purchased an automobile tire in the City of Laurel from one Will Evans, who admittedly had

stolen it, and that Crowell, when questioned by an officer as to how he came into possession of the said recently stolen property, at first claimed to have purchased from a man in Hattiesburg, whose name he did not know, whereas, he later admitted having purchased it from the said Will Evans, with whom he was shown to have been personally acquainted, the said Evans having brought the tire to the home of the accused in Laurel, where the latter acquired possession thereof upon the payment of the sum of $8 as the purchase price therefor. On behalf of the defendant, Crowell, it was shown that the tire in question was brought to his home by the said Will Evans in a taxicab in the daytime, where it was delivered in the presence of other persons, and that the said Evans claimed that he was selling secondhand tires for a man in New Orleans. It was not shown that at the time the defendant purchased the tire from Evans and received the same into his possession he had any knowledge of the fact that it had been stolen, unless such knowledge may be inferred from his possession of the recently stolen property, coupled with the further circumstances that he is said to have made misrepresentations to the officer as to where he purchased the tire and as to whether he knew the person from whom he received it. Under all the facts and circumstances, we are unable to say that the evidence was insufficient to warrant the submission of the case to the jury as to whether the misrepresentations showed guilty knowledge on the part of the accused or merely evidenced his desire not to give up the property and lose the purchase price paid therefor.

The second ground assigned for error is the granting of the following instruction: "The court instructs the jury for the State that possession of recently stolen property by a defendant is a circumstance strongly indicative of guilt and that it will justify, support or warrant a verdict for the state and if you believe from the evidence in this case beyond a reasonable doubt that the defendant, B. C. Crowell, had in his possession the property set

out in the indictment and that said property had been lately before feloniously taken and carried away and he has not satisfactorily explained his possession of said property then you may infer his guilt from lack of a satisfactory explanation as to his possession of said property.''

The foregoing instruction is subject to more than one objection, but we shall first consider that portion thereof which states that ''possession of recently stolen property by a defendant is a circumstance strongly indicative of guilt and that it will justify, support, or warrant a verdict for the state.'' In the case of Stokes v. State, 58 Miss. 677, where the defendant was convicted of the actual theft of the property involved, the trial court had given an instruction in regard to the defendant's possession of recently stolen property to the effect that ''the law presumed the defendant to have stolen it, and the jury should convict him upon this evidence alone, without any corroboration, unless he, by proof, overcome the legal presumption of guilt;. . . . ,'' provided he had failed to give a reasonable account of his possession. The instruction was held to be fatally erroneous in assuming, as a matter of law, that possession of recently stolen property is a circumstance from which guilt may be inferred. The court stated in its opinion, however, that the jury ''may be told that it is a circumstance strongly indicative of guilt, and that it will justify, support, or warrant a verdict for the State; but they must still be left to decide whether, in fact, it does satisfy them of guilt beyond a reasonable doubt.'' The court then further stated that ''this is a deduction which must be made by the jury, or not, as it satisfies their consciences; and however strongly the one fact may seem to follow from the other, they cannot be told that they must infer it, or that the law infers it for them.'' Since the decision in the Stokes case, supra, the court seems not to have been called upon either to approve or condemn an instruction so strongly commenting upon the weight of the evidence,

even where the accused was being tried for the actual commission of the crime of burglary or larceny where the possession by the accused of recently stolen property was involved. The instructions which have been subsequently called into review, where the principle sought to be announced in the instruction herein complained of was involved, have read, in substance, as follows: "The court instructs the jury that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny" or burglary, as the case may be.

As to whether an instruction of like import should be given in a case where the accused is being tried for receiving stolen goods knowing them to have been stolen, the decisions are somewhat in a state of confusion. For instance, it was held long prior to the decision of the Stokes case, supra, that: "Generally, the fact that a party is found in the possession of stolen property recently after the commission of larceny, is not a circumstance from which it can be legally inferred, that the party found in possession received the property with a knowledge that it had been stolen. On the contrary, proof of such fact, connected with other circumstances, would be presumptive evidence that the party himself had committed the larceny. . . . ; but it is conceded, that there might be a case where recent possession of stolen goods, united with other circumstances, would warrant the presumption of a felonious reception, and not of a larceny of the goods." Sartorious v. State, 24 Miss. 602.

In the case of Autman v. State, 126 Miss. 629, 89 So. 265, it was held, on the trial of a defendant charged with receiving recently stolen goods, that the possession thereof by the accused gives rise to a presumption or inference of fact (not of law) that the defendant is guilty. But the principle was later announced in the case of Sanford v. State, 155 Miss. 295, 124 So. 353, that "the unexplained

possession of stolen property shortly after the commission of a larceny is a circumstance from which guilt of the larceny may be inferred, but no inference can be drawn therefrom alone that the one in possession of the property received it from another knowing that it had been stolen," citing Sartorious v. State, supra, and Manning v. State, 129 Miss. 179, 91 So. 902, and which latter case merely held that one guilty of the crime of larceny could not be convicted of the independent substantive offense of receiving stolen goods knowing them to have been stolen.

The decision in the Sanford case, however, was predicated upon the fact that it was necessary for the state, by its evidence, to exclude the guilt of the accused of the larceny itself before he could be convicted of receiving the stolen goods knowing them to have been stolen, and which the state had failed to do in that case. Nevertheless, the court reaffirmed the rule announced in the Sartorious case as embodied in the quotation hereinbefore given. And it is significant that on that same day the court, in the larceny case of Wood v. State, 155 Miss. 298, 124 So. 353, 355, reaffirmed the principle that "recent possession of stolen property, if such recent possession there be, is a circumstance for the jury's consideration, and, in the absence of a reasonable explanation of such possession by the party in possession of such property, the jury may infer guilt therefrom," citing Harris v. State, 61 Miss. 304; Cook v. State (Miss.), 28 So. 833; and Harper v. State, 71 Miss. 202, 13 So. 882, wherein the accused were tried for the crime of burglary or larceny and not for receiving stolen goods knowing them to have been stolen.

In an annotation contained in 68 A. L. R. 187, it is stated that: "In some jurisdictions it is held that proof of mere naked possession of property recently stolen, not aided by any other proof, that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge." Under the foregoing statement will

be found decisions cited from fifteen different states in support thereof, including the Mississippi cases of Sartorious v. State and Sanford v. State, supra. In 2 Bishop, Criminal Procedure, Sec. 989, it is said that: ''Possession of the goods may, as in larceny, and under the like rules and with the like effect be evidence against the receiver. But the proper accompanying proofs must appear, or it will amount to nothing.'' One guilty of larceny or burglary necessarily knows the facts and circumstances connected with the crime, but in a prosecution for receiving stolen property, guilty knowledge is the very gist of the offense. Such knowledge must be both alleged and proved. In Kelly's Criminal Law Procedure, Sec. 684, the author stated in reference to the crime of receiving stolen goods knowing them to have been stolen that: ''In this case, as in larceny, the possession of goods recently stolen, the corpus delicti being proved, tends to establish the guilt of the party having such possession; but the naked possession, unaided by other proofs, is not evidence that he received them knowing them to have been stolen. Slight additional evidence or circumstances may be sufficient to show guilty knowledge, as if he had in his possession other stolen goods, or purchased from the same thief other goods known to have been stolen, or received them under circumstances which would induce a man of ordinary observation to believe they had been stolen, or concealed them.''

However, it is stated in 9 Wigmore on Evidence (3 Ed.), 422, that ''if there is any rule at all, it is generally conceded to apply also on a charge of knowing receipt of stolen goods, and of burglary or the like,'' citing cases from a few jurisdictions other than Mississippi.

From the foregoing authorities, we conclude that it is never proper, in a case for receiving stolen goods knowing them to have been stolen, for the jury to be instructed, in effect, that the unexplained possession alone of such recently stolen property is either a circumstance from which guilt may be inferred or that such possession is a

circumstance strongly indicative of guilt which will justify, support, or warrant a verdict for the state, where such possession is unaided by other proof tending to show that the accused received such property knowing it to have been stolen.

Moreover, the instruction complained of is subject to the further objection that the accused is thereby required to give a ''satisfactory'' explanation of his possession of such property in order to be relieved of any inference of guilt that may be drawn against him, whether he is being tried for the crime of burglary, larceny, or receiving recently stolen property knowing it to have been stolen. It is said in 32 Am. Jur. 1056, that: ''The explanation may fall short of satisfying the jury and yet be sufficient to raise a reasonable doubt in their minds which will authorize them to acquit the defendant unless the prosecution overcomes the doubt, by proof, that the explanation is false,'' that is to say, the explanation, like that of a school boy to his teacher or of a husband to his wife under given circumstances, may be entirely reasonable and yet not be altogether satisfactory, whereas a reasonable explanation, of which the jury is to be the judge, is all that is required in order to preclude the inference of guilt that would otherwise arise from the possession of recently stolen property.

Moreover, the explanation to which such an instruction should be directed is generally that given by the accused, if any, when he is first under a duty to speak after such recently stolen property is discovered in his possession, and giving or failing to give a reasonable explanation in that regard is not to be determined by the testimony offered by the accused upon the trial, when there has been a previous opportunity afforded him to give an account of such possession consistent with innocence, and he has attempted to explain or refused to do so.

The case must therefore be reversed and remanded on account of the objections pointed out to the instruction hereinbefore discussed, and since the case is to be retried

it is proper that we pass upon the question of whether the accused could be sentenced to a term in the state penitentiary in the event he should be again convicted.

Section 1010, Code 1930, provides that: ''If any person shall feloniously take, steal and carry away any personal property of another, under the value of twenty-five dollars, he shall be guilty of petit larceny, and shall be punished by imprisonment in the county jail not exceeding three months, or by fine not exceeding one hundred dollars, or both; but any person who shall take, steal, and carry away feloniously, any of the kind of horned cattle, or swine, or sheep or goats of another under the value of twenty-five dollars, shall be punished by imprisonment in the county jail not less than one, nor more than six months, or by fine not less than twenty-five nor more than one hundred dollars, or both.''

Section 1017, Code 1930, provides that: ''If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, not more than two hundred and fifty dollars.''

Section 1295, Code 1930, provides that: ''In convictions for receiving stolen goods and obtaining money or property under false pretenses, and for embezzlement, if the value of the money or property received or obtained or embezzled be less than twenty-five dollars, the offense shall be punished as petty larceny.''

The first statute hereinbefore quoted, Section 1010, Code 1930, was amended by Chapter 238, Laws 1940, so as to increase the punishment for feloniously taking, stealing and carrying away any personal property of less than $25 in value so as to leave it optional with the trial court to punish such offense either as a misdemeanor or as a felony where the property taken, stolen or carried

away is any kind of neat or horned cattle. And Chapter 241, Laws 1940, amends the said Section 1295, Code 1930, supra, so as to provide that "in convictions for receiving stolen goods . . . , if the value of the money or property received, . . . . be less than twenty-five dollars, the offense shall be punished as petit larceny, except where the stolen goods, or property, are neat or horned cattle, the offense shall be punished as for the larceny of such horned or neat cattle."

Thus it would appear that since Sections 1017 and 1295, hereinbefore quoted, which relate to the punishment to be imposed in cases of conviction for receiving stolen goods, are inconsistent, and the Legislature has seen fit to amend the latter section, we must assume that the said Chapter 241, Laws of 1940, is controlling as the last pronouncement of the legislature on the question here involved, since the proof in the case at bar discloses that the property in question was an automobile tire worth not more than fifteen to eighteen dollars in value. The case of Claxton v. State, 185 Miss. 426, 187 So. 877, is not authority to the contrary, since that case was decided prior to the enactment of the said Chapter 241, Laws of 1940.

It should be further observed that Chapter 205 of the Laws of 1942 makes any person who shall feloniously take, steal and carry away any automobile tire guilty of grand larceny, but that the legislature has failed to amend the statute accordingly relating to the punishment for receiving such stolen goods, leaving the said Chapter 241, Laws of 1940, in full force and effect. We are, therefore, of the opinion that one convicted of the offense charged in this case can not be sentenced to serve a term in the state penitentiary, but can only be punished as for petit larceny. The judgment of the court below must, therefore, be reversed and the cause remanded. It is so ordered.

Reversed and remanded.