247 So.2d 697 (1971)
Milton "Sonny" JOHNSON, Defendant-Appellant,
v.
STATE of Mississippi, Plaintiff-Appellee.
No. 46305.
Supreme Court of Mississippi.
May 10, 1971.
*698 Johnston & Felder, Pascagoula, for defendant-appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for plaintiff-appellee.
PATTERSON, Justice:
Milton "Sonny" Johnson was indicted and tried in the Circuit Court of Jackson County upon a charge of receiving stolen property, knowing the same to have been lately stolen and carried away. He was convicted and sentenced to serve a term of five years in the penitentiary. This appeal is from that conviction and sentence.
Assuming, but not deciding, that there was probable cause for the arrest of Johnson and for the search of his vehicle where the stolen items were discovered, nevertheless the cause must be reversed.
In Sanford v. State, 155 Miss. 295, 124 So. 353 (1929), we stated:
The unexplained possession of stolen property shortly after the commission of a larceny is a circumstance from which guilt of the larceny may be inferred, but no inference can be drawn therefrom alone that the one in possession of the property received it from another knowing that it had been stolen. Sartorious v. State, 24 Miss. 602; Manning v. State, 129 Miss. 179, 91 So. 902. (155 Miss. at 297, 124 So. at 353)
Again, in Crowell v. State, 195 Miss. 427, 15 So.2d 508 (1943), we stated:
* * * One guilty of larceny or burglary necessarily knows the facts and circumstances connected with the crime, but in a prosecution for receiving stolen property, guilty knowledge is the very gist of the offense. Such knowledge must be both alleged and proved. * * * (195 Miss. at 436, 15 So.2d at 511)
And, further, in Crowell, while discussing the propriety of an instruction, we said:
From the foregoing authorities, we conclude that it is never proper, in a case for receiving stolen goods knowing them to have been stolen, for the jury to be instructed, in effect, that the unexplained possession alone of such recently stolen property is either a circumstance from which guilt may be inferred or that such possession is a circumstance strongly indicative of guilt which will justify, support, or warrant a verdict for the state, where such possession is unaided by other proof tending to show that the accused received such property knowing it to have been stolen. (Emphasis added) (195 Miss. at 436, 437, 15 So.2d at 511)
More recently, in the case of Madere v. State, 227 So.2d 278 (Miss. 1969), it was necessary to reverse a conviction of receiving stolen property where an instruction was granted for the state which permitted the jury to infer from the fact of possession of recently stolen property that the defendant received the property knowing the same to have been lately stolen. From these authorities, and others not necessary to cite, it is well established in the criminal jurisprudence of this state that guilty knowledge is the very gist of the offense of receiving stolen property and that such knowledge must be both alleged and proved.
*699 With this principle of law in mind we next consider the evidence offered by the state. On December 11, 1969, between the hours of 12:00 Noon and 5:15 in the afternoon, the home of Al Bourgeois was broken into and a stereo set and color television set stolen therefrom. The police were notified of this robbery about 5:20 the same afternoon. An investigation was made by a police officer who confirmed the robbery. He called the police station by radio to notify the police force to be on the alert to recover the stolen items. A deputy sheriff responded immediately that he believed he had the property in his possession at the time. The officer testified that they were notified of the robbery at 5:35 and that the radio call was made at approximately 6:00. The items, upon investigation, were found to be the property of Mr. Bourgeois.
While the above events were transpiring in the vicinity of the Bourgeois home, John Whitehead, whose home had been robbed some two or three weeks previously of a color TV set and a piggy bank, and a companion were traveling in a westerly direction along the highway when he observed a greenish-blue panel truck answering the description given him by his neighbors as being in the vicinity of his home at the time it was robbed. He thereupon followed the truck for some distance and eventually "flagged" the truck to the side of the road and made a citizens arrest of the driver. This occurred at about 4:30 or 5:00 in the afternoon. The driver of the truck, the appellant here, was removed to the sheriff's office and a subsequent search of the truck disclosed the items taken from the Bourgeois home. This evidence is the total of the state's case. The defendant did not testify in his own behalf.
The most that can be said of this testimony in the light most favorable to the state is that it proved the defendant had in his possession property that was very recently stolen. There is no evidence that he received it knowing it to have been stolen. This knowledge, guilty knowledge, is the gist of the offense and there must be evidence thereon before a conviction of receiving stolen property knowing it to have been stolen can be upheld. The standards portrayed above permit no other alternative.
We are of the opinion that the defendant was erroneously convicted of receiving stolen property since there is not a scintilla of evidence to indicate guilty knowledge.
The judgment is reversed and rendered here for the appellant, but since there is evidence which tends to prove larceny, the defendant is ordered held for further action of the Grand Jury. Thompson v. State, 226 Miss. 93, 83 So.2d 761 (1955).
Reversed and rendered.
GILLESPIE, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.