281 So.2d 924 (1973)
Henry Joie BROWN, Jr.
v.
STATE of Mississippi.
No. 47350.
Supreme Court of Mississippi.
May 21, 1973.
Rehearing Denied June 29, 1973.
James E. Higginbotham, Greenwood, Henry, Barbour & DeCell, William Barbour, Jr., Yazoo City, for appellant.
*925 A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Appellant Brown appeals from a conviction of having received stolen property. He was tried in the Circuit Court of Leflore County and received a sentence of three years in the state penitentiary of which sentence two years were suspended. We affirm.
Juanita Mayfield of Chicago, Illinois was the owner of the car which was stolen, to-wit, a Lincoln. Brown testified at the trial that he purchased the car on August 4, 1971 in Chicago, Illinois in exchange for his Cadillac plus a sum of money. The car was taken from a parking lot in Chicago in July 1971 and subsequently located in Mississippi. Patrolman White of the Mississippi Highway Patrol was advised by a telephone call from an unidentified informer in December 1971 that Brown was driving the Lincoln. White determined that the Lincoln fitted the description of the stolen car. It had thereon an Illinois license plate registered to Brown but which plate was purchased for a Cadillac. Having found the car parked on a street in Greenwood in January 1972, White attempted to read the vehicle's public identification number from a plate or identification appliance located on the dashboard, but the plate was covered by an envelope which prevented White from reading the same. A few days later, on January 20, 1972, Brown was stopped by Patrolman White and asked to exhibit his driver's license. Brown exhibited to White an Illinois license which was found to be an improper license. Then White arrested Brown for driving with an improper license and having on the Lincoln a "switched" license plate. Brown was advised of his constitutional rights and accompanied White to the Justice of the Peace where he was again informed of his constitutional rights prior to entering a plea of guilty to the two charges. After pleading guilty Brown was fined.
After Brown was fined, White asked him for permission to examine the Lincoln in Brown's possession. Without any objection, Brown voluntarily drove the Lincoln to a service station where it was elevated on a grease rack in order that White might read the true vehicle identification number which was located on the rear axle. Examination of the car by White revealed that the identification plate on the dashboard of the interior of the car had been tampered with and could not be read from outside the car. Brown stated that his reason for not having registered the Lincoln in Mississippi was because he did not have "papers" on the vehicle. After the Lincoln was elevated on the rack, White passed the identification number on to National Crime Information Center and ascertained that the Lincoln was the one that had allegedly been stolen in Chicago on July 28, 1971. Having this information, White arrested Brown and charged him with receiving stolen property and again informed him of his constitutional rights, generally referred to as the Miranda warning. Brown was taken to the county jail where he signed a waiver of his rights and there he made the statement: "I am caught with the car, so I am guilty."

I.
Brown first contends that the trial court erred in refusing to grant him a new trial because the verdict of guilty was against the overwhelming weight of the evidence. For the same reason, he also urges that error was committed below when the trial court refused to grant him a peremptory instruction at the conclusion of presentation of evidence. Here Brown contends that the prosecution failed to prove that he had the guilty knowledge necessary in order for him to be legally convicted of receiving stolen property.
It is true that "guilty knowledge" is the gist of the offense of receiving stolen *926 property. Johnson v. State, 247 So.2d 697 (Miss. 1971). In Johnson we reversed a conviction because the evidence was insufficient to show that he had guilty knowledge. It is to be noted that in order to be convicted for receiving stolen property it is not necessary that the accused personally witnessed the theft of the property in question. If a person has knowledge from facts and circumstances which should convince a reasonable person that property has been stolen, in such situation the rule is that in a legal sense he knew the property was stolen. Pettus v. State, 200 Miss. 397, 410, 27 So.2d 536, 540 (1946).
In Johnson, supra, there was no substantial evidence against the accused except that he was in naked possession of the property. Here, there are other factors present which indicate sufficient evidence of guilt to justify the jury verdict. In this case we find not only uncontradicted proof that Brown had in his possession the stolen Lincoln with a license tag thereon issued for another vehicle but also the following, to-wit: (1) Appellant, after being apprised that he was charged with possessing the stolen property and arrested therefor, made the statement: "... I am guilty;" (2) appellant testified that he purchased the car at a gasoline service station in Chicago from a man he had never seen before and never saw again after August 4, 1971; (3) Brown gave two conflicting reasons for not getting a title certificate when he purportedly bought the car, i.e., on the one hand he stated that at the time of the purchase of the Lincoln by him under Illinois law the purchaser does not get the certificate but signs it and the seller "sends if off," but on the other hand, on cross-examination, he stated his reason for not getting the title was that he owed a balance on the purchase price; (4) according to Brown he could not find one Tony Carrone from whom he allegedly bought the car; and (5) the owner of the service station where Carrone allegedly worked had never seen him. The record indicates the aforesaid incriminating evidence. Surely the statement of the appellant that he was guilty along with other incriminating facts and circumstances warranted the jury verdict.

II.
It is next submitted that the trial court erred in overruling Brown's motion to suppress evidence as to the identification of the Lincoln on the ground that such evidence or identification was obtained by virtue of an illegal search and seizure. The motion to suppress was a pre-trial endeavor seeking suppression on the ground that said evidence was obtained in violation of Brown's rights under the Fourth Amendment to the Constitution of the United States. The evidence of identification to which complaint is directed was obtained when Patrolman White inspected the Lincoln while elevated on a rack at the service station. The motion to suppress was heard by the court prior to trial and White was the only witness presented at said hearing. Brown bases his contention here upon indication in the record that during the time between the paying of the fine, and when White subsequently learned that the car was definitely a stolen vehicle, Brown was not under arrest and the car was not impounded. He cites United States v. Johnson, 413 F.2d 1396 (5th Cir.1969) wherein there were set forth two criteria for the search of a vehicle without a warrant, to-wit: (1) a reason for the inspection; and (2) legitimate access to the vehicle. He submits that under the reasoning of United States v. Johnson, supra, since the Lincoln was not impounded and Brown not under arrest, the fruits of said search were inadmissible.
Here, the evidence is clear that when White by means of his eyes looked at the rear axle of the Lincoln by which process he was able to identify the property, all of this was with the consent of Brown. It is obvious that Brown voluntarily accompanied White to the service station for the limited purpose of raising the car off the ground so that the identification number *927 might be checked with less inconvenience than crawling underneath the car, which obviously White had a right to do. United States v. Polk, 433 F.2d 644 (5th Cir.1970). Also, at the time the identification was made of the Lincoln, within the two preceding hours in time prior to said inspection, on two separate occasions Brown had been given benefit of his Miranda warnings. It would appear beyond a reasonable doubt that he was fully apprised of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). During the trial there was no showing made or any effort to show that Brown did not understand these rights under Miranda. After paying his fine, Brown was not in actual custody insofar as the record shows. In this noncustodial situation where there was not brought to bear upon him any force or intimidation of any kind whatsoever, Brown voluntarily agreed to follow Patrolman White to a service station where White was able to identify the Lincoln by examining the identification number on its axle. We are unable to say upon the record before us that the appellant Brown was not accorded all of his rights and a fair trial.
Having carefully reviewed the record and each assignment of error and authorities submitted, we find no reversible error.
Affirmed.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.
GILLESPIE, Chief Justice:

ON PETITION FOR REHEARING
Henry Joie Brown was convicted in the Circuit Court of Leflore County on a charge of receiving stolen property knowing it to be stolen.
On petition for rehearing the defendant argues (1) Article 3, section 26 of the Mississippi Constitution provides that all prosecutions for crimes shall be in the county where the offense was committed; (2) the evidence shows that the property involved was stolen in Chicago, Illinois, where defendant received it; and (3) it follows that venue to try defendant did not lie in Leflore County.
Mississippi Code 1942 Annotated section 2249 denounces the crime of receiving stolen property as a separate, independent and substantive offense without regard to the locality of the larceny. This section of the Code is one of several sections on larceny.
Code section 2431 is as follows:
Where property is stolen in another state or country and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found.
This statute applies to larceny, Coggins v. State, 234 Miss. 369, 106 So.2d 388 (1958), and to the crime of receiving stolen property which is accessorial to the crime of larceny. See Chavers v. State, 215 So.2d 880 (Miss. 1968). Section 2431 makes larceny or receiving stolen goods in another state a continuing offense when the stolen goods are brought into this state. Coggins v. State, supra. Therefore, the crime with which defendant was charged was, under the statute, committed in Leflore County when he brought the stolen automobile into that county.
No other question is argued on the petition for rehearing.
Petition for rehearing denied.
INZER, SUGG, WALKER and BROOM, JJ., concur.