364 So.2d 669 (1978)
Colie ELLETT
v.
STATE of Mississippi.
No. 50837.
Supreme Court of Mississippi.
November 22, 1978.
J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., SUGG and BOWLING, JJ., and MAPLES, Commissioner.
DARWIN M. MAPLES, Commissioner for the Court:[1]
Appellant was convicted on March 14, 1977 by a jury in the Circuit Court of the Second Judicial District of Tallahatchie County, Mississippi, of receiving stolen property. She was sentenced to five years in the State Penitentiary with three years suspended pending good behavior. Appellant has assigned as error the trial court's refusal to grant peremptory instructions at the close of the State's evidence and at the close of all the evidence. We reverse.
On March 13, 1976, Sunflower County authorities had traced a stolen cotton trailer to an auction being held in Inverness, Mississippi. Upon inquiry of the auction promoters, *670 it was found that the trailer had been delivered by a group of people who also delivered several other items to be sold at the auction. This group, consisting of the defendant, her daughter and several of her grandchildren, were placed under surveillance and were arrested when they attempted to leave the auction site after appearing to have grown "nervous". It was subsequently discovered that the items  a grease gun, a grader blade and a hydraulic cylinder  belonged to residents of Tallahatchie County, and defendant was indicted, tried and convicted in that county for the receipt of this stolen property. The cotton trailer was not included.
Other evidence for the State consisted of the identification of the items by their owners, none of whom could pinpoint the date when the items were stolen. The Sheriff of Tallahatchie County testified that defendant stated to him, after being advised of her rights, that the items came from a building owned by her which she was dismantling in Webb, Mississippi. This statement was also given to the arresting officer, Sheriff Jack Sessums of Sunflower County. Sheriff Sessums was used for the introduction of a piece of paper purportedly written by the appellant directing the auction authorities to send the proceeds from the sales to an address in Webb, Mississippi. Although the sheriff was not the proper party to introduce this evidence, no objection was made at the trial and no assignment was made to this Court, and the matter is therefore not before us. This, in essence, was the entire case presented by the State during trial.
Guilty knowledge is the gist of the offense of receiving stolen property, made a crime by Mississippi Code Annotated, Section 97-17-69 (1972). By this it is not meant that the defendant should have personally witnessed the theft, but that she received the property under circumstances that would lead a reasonable man to believe it to be stolen. Brown v. State, 281 So.2d 924 (Miss. 1973); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946). Such guilty knowledge must be both alleged and proved by the State before a conviction will be allowed to stand. Johnson v. State, 247 So.2d 697 (Miss. 1971).
It is apparent from the record in this case that there is not a scintilla of evidence of the circumstance whereby the appellant Colie Ellett received the property "knowing" the same to have been stolen. The evidence offered by the State showed that appellant acquired possession of the property from a building owned by her, which she was dismantling. No evidence was offered to rebut this, or prove its inconsistency, and the State therefore wholly failed to prove either defendant's knowledge, or such circumstances that would constitute defendant's knowledge, that the items were stolen when she received them. As was said in Johnson, supra, the most that can be said of the State's evidence was that defendant had in her possession stolen property. There is no evidence that she received it knowing that it had been stolen.
We are of the opinion that appellant was erroneously convicted of receiving stolen property, and the judgment is reversed and it is ordered that she be discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.