457 So.2d 953 (1984)
Charles H. THOMPSON
v.
STATE of Mississippi.
No. 54471.
Supreme Court of Mississippi.
October 10, 1984.
Paul G. Swartzfager, Jr., Laurel, for appellant.
Bill Allain, Atty. Gen., by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*954 Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Jones County wherein the appellant, Charles H. Thompson, was found guilty of knowingly possessing stolen property: a set of silver flatware allegedly belonging to Mitsy Harding. Thompson was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections. From his conviction and sentence he brings this appeal. We reverse.
Thompson was indicted for violation of § 97-17-69 Miss. Code Ann. (1972). That section reads:
If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, no more than two hundred and fifty dollars.
Perhaps the clearest pronouncement of this Court as to the requirements of proof needed to secure a conviction for violation of § 97-17-69 appears in Johnson v. State, 247 So.2d 697 (Miss. 1971). We therefore quote extensively from that opinion:
In Sanford v. State, 155 Miss. 295, 124 So. 353 (1929), we stated:
The unexplained possession of stolen property shortly after the commission of a larceny is a circumstance from which guilt of the larceny may be inferred, but no inference can be drawn therefrom alone that the one in possession of the property received it from another knowing that it had been stolen. Sartorious v. State, 24 Miss. 602; Manning v. State, 129 Miss. 179, 91 So. 902. (155 Miss. at 297, 124 So. at 353).
Again, in Crowell v. State, 195 Miss. 427, 15 So.2d 508 (1943), we stated:
* * * One guilty of larceny or burglary necessarily knows the facts and circumstances connected with the crime, but in a prosecution for receiving stolen property, guilty knowledge is the very gist of the offense. Such knowledge must be both alleged and proved. * * * (195 Miss. at 436, 15 So.2d at 511)
And, further, in Crowell, while discussing the propriety of an instruction, we said:
From the foregoing authorities, we conclude that it is never proper in a case for receiving stolen goods knowing them to have been stolen, for the jury to be instructed, in effect, that the unexplained possession alone of such recently stolen property is either a circumstance from which guilt may be inferred or that such possession is a circumstance strongly indicative of guilt which will justify, support, or warrant a verdict for the state, where such possession is unaided by other proof tending to show that the accused received such property knowing it to have been stolen. (Emphasis added) (195 Miss. at 436, 437, 15 So.2d at 511)
More recently, in the case of Madere v. State, 227 So.2d 278 (Miss. 1969), it was necessary to reverse a conviction of receiving stolen property where an instruction was granted for the state which permitted the jury to infer from the fact of possession of recently stolen property knowing the same to have been lately stolen. From these authorities, and others not necessary to cite, it is well established in the criminal jurisprudence of this state that guilty knowledge is the very gist of the offense of receiving stolen property and that such knowledge must be both alleged and proved.
... .
The most that can be said of this testimony in the light most favorable to the state is that it proved the defendant had in his possession property that was very recently stolen. There is no evidence *955 that he received it knowing it to have been stolen. This knowledge, guilty knowledge, is the gist of the offense and there must be evidence thereon before a conviction of receiving stolen property knowing it to have been stolen can be upheld. The standards portrayed above permit no other alternative. (Emphasis Added).
247 So.2d at 698, 699.
Thompson argues that based on the rule set forth in Johnson, supra, he should have been granted a directed verdict at the close of the state's evidence. The well known rule in this state is that in passing on motions for a directed verdict or a request for a peremptory instruction, all evidence on behalf of the state must be taken as true, together with the reasonable inferences that may be drawn therefrom, and if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled and the peremptory instruction must be denied. Wilks v. State, 408 So.2d 68 (Miss. 1981); Goldman v. State, 406 So.2d 816 (Miss. 1981).
What was the tenor of the evidence at the close of the state's case? Mitsy Harding had identified a set of silverware that had been stolen from her home on February 8, 1982. Bill Burton, a professional jeweler, testified as to the value of the silver. It was generally sold new for approximately $4,500 and had a value as scrap silver between $1100 and $1200. Wayne Lucas, a Jones County Deputy Sheriff, testified that he executed a search warrant on a mini warehouse rented by Charles Thompson. Inside that warehouse he found numerous items but nothing that was described in his search warrant. Inside a box of new stereo equipment Lucas found a postal receipt for a package which had been mailed to the Pioneer Mint in Greenville, Ohio on February 9, 1982. A note was attached to the receipt with the following notations: 167.75 ounces, 1.50 ounces, stirling (sic) silver, value $1300. Thomas Doyle, an officer with the Greenville, Ohio Police Department, testified that he was contacted by the Jones County Sheriff's Department and asked to go to the Pioneer Mint to look for silver which the Mint had received from Charles Thompson. Doyle was asked to see if it matched a description of the silver Mitsy Harding reported stolen. Doyle located that silver and was able to verify that silver pattern was identical to that reported stolen from Ms. Harding.
Paul Little, Deputy Chief of Police of Laurel, Mississippi, testified that he was present at the time Deputy Lucas executed the search warrant on Thompson's mini warehouse. He stated that inside the warehouse they found a number of boxes containing stereo equipment identified as belonging to Roses Department Store. Inside one of those boxes was the postal receipt. Other evidence included testimony from handwriting experts that the handwriting on the postal receipt was consistent with samples known to have come from Charles Thompson.
Viewing the evidence in the light most favorable to the state, did the state prove that Thompson knew that the silver he had shipped to the Greenville, Ohio Mint was stolen? It is not sufficient that he possessed the stolen merchandise. Johnson, supra. The only proof whatsoever that the state presented which went to guilty knowledge is the very tenuous argument that because the postal receipt was located in a storeroom where some of Roses Department Store's merchandise was also located, Thompson must have known that the receipt represented stolen merchandise. The state admits that this is the only proof they have of guilty knowledge. No witness testified that the merchandise in the storeroom was stolen because the judge excluded that testimony; however, the judge admonished the jury to disregard evidence of other stolen goods and therefore placed the matter before the jury himself. The state never proved that Thompson had knowledge that the goods in his storeroom were stolen. In fact, when he took the stand in his defense he denied having such knowledge. He admitted purchasing the silverware and sending it to the *956 Mint. He simply denied having knowledge that it was stolen.
We are of the opinion that the state has failed to meet its burden of proof in this case. There was absolutely no evidence which established that Thompson knew the silverware was stolen. As stated in Johnson, supra, guilty knowledge is the essence of this crime. Without proof of that knowledge a conviction cannot be sustained. Thompson should have been granted a directed verdict at the close of the state's evidence and a peremptory instruction at the close of all the evidence. Because he was not, we hereby reverse his conviction and discharge him.
REVERSED AND DEFENDANT DISCHARGED.
WALKER AND ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., and BOWLING, J., not participating.