GRIFFIN, Justice,
for the Court:
This appeal comes to us from the First Judicial District of Hinds County, Youth Court Division, wherein appellant was adjudicated a delinquent child pursuant to the Youth Court Act, § 43-21-101, et seq., for receipt of stolen property. W.B. was sentenced to serve one year probation with six months suspended commitment, and to pay $100.00 restitution. As error, W.B. claims the court should not have found that the prosecution established a prima facie case of stolen property when there was no evidence of the requisite guilty knowledge involved therein. We agree, and so reverse.
We noted in the case of In Re Napp, 273 So.2d 502 (Miss.1973) that:
In youth court cases involving a child’s possible loss of freedom, the proof must establish each and every essential element of the charges against him beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
Therefore, it is our duty to examine the evidence in this case as we would in any other criminal proceeding.
The tenor of the State’s case adduced at trial produced the following facts: Michael McLinty testified he had owned a Camaro Z-28 for about three years and had purchased a rear louvre in the summer of 1985 for the back glass of his car, about 6 months after he had bought the car, and he had paid $140 for the louvre.
McLinty stated that this rear louvre was stolen in November of 1986 after he had dropped the car off for repairs at a mechanic’s house on Sunset Street in Jackson. The next time he saw the louvre, it was sometime in January or December, and it was attached to W.B.'s car. The car was parked in the driveway of the house in which W.B. resided with his mother, approximately two blocks from the site on which it was stolen.
McLinty called the police and together they confronted W.B. with McLinty’s accusations. McLinty states W.B. told them he had gotten the louvre from “a guy in Clinton.” The police requested that McLinty prove the louvre was his property and he did so by inserting his key in the lock and unlocking it, as well as by pointing out a loose clamp and areas he had touched up with paint.
McLinty stated that in the presence of the police, W.B.’s mother offered to pay him for the louvre, and he accepted her offer. However, he claims she later reneged on her offer. Throughout the course of their conversation McLinty claims that W.B. remained silent.
No policeman testified at the hearing to corroborate McLinty’s testimony; nor did W.B. himself take the stand. The sole witness for the defense was Rayzelle Clen-nin, who claimed to have given the louvre to W.B. as a gift. Clennin, a resident of Ridgeland and not Clinton, had purchased the louvre for $15 “from a guy on Saturday night at the Cotton Bowl out on Lynch” but had given it to W.B. because it rattled.
At the close of the State’s case counsel for defendant moved for a directed verdict, which the court overruled. At the close of all the evidence the defense renewed its motion which the court again overruled.
The Youth Court found W.B. to be a delinquent within the meaning of the Youth Court Act, and sentenced him to one year probation, etc. W.B. filed a motion for new adjudicatory hearing or in the alternative for the court to dismiss its earlier adjudicatory order, which the court denied.
From all of this, W.B. files this appeal.
W.B. was charged with violation of Miss. Code Ann. § 97-17-69 (1972). That section reads:
If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, not more than two hundred and fifty dollars.
*1177 In Thompson v. State, 457 So.2d 953 (Miss.1984), this Court held the following:
Perhaps the clearest pronouncement of this Court as to the requirements of proof needed to secure a conviction for violation of § 97-17-69 appears in Johnson v. State, 247 So.2d 697 (Miss.1971). We therefore quote extensively from that opinion:
In Sanford v. State, 155 Miss. 295, 124 So. 353 (1929), we stated:
The unexplained possession of stolen property shortly after the commission of a larceny is a circumstance from which guilt of the larceny may be inferred, but no inference can be drawn therefrom alone that the one in possession of the property received it from another knowing that it had been stolen. Sartorious v. State, 24 Miss. 602; Manning v. State, 129 Miss. 179, 91 So. 902. (155 Miss, at 297, 124 So. at 353).
Again, in Crowell v. State, 195 Miss. 427, 15 So.2d 508 (1943), we stated:
* * * One guilty of larceny or burglary necessarily knows the facts and circumstances connected with the crime, but in a prosecution for receiving stolen property, guilty knowledge is the very gist of the offense. Such knowledge must be both alleged and proved. * * * (195 Miss, at 436, 15 So.2d at 511).
457 So.2d at 954-55.
Further, in Ellett v. State, 364 So.2d 669 (Miss.1978), we said that:
By this it is not meant that the defendant should have personally witnessed the theft, but that she received the property under circumstances that would lead a reasonable man to believe it to be stolen. Brown v. State, 281 So.2d 924 (Miss. 1973); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946). Such guilty knowledge must be both alleged and proved by the State before a conviction will be allowed to stand. Johnson v. State, 247 So.2d 697 (Miss.1971).
364 So.2d at 670.
It is apparent from the record that there is no evidence of circumstances whereby the appellant W.B. received the property knowing the same to be stolen. The evidence offered by the State showed only that W.B. acquired possession of the louvre from a friend. No evidence was offered which might rebut this, or which would prove its inconsistency, and the State therefore wholly failed to prove either defendant’s knowledge, or such circumstances that would constitute defendant’s knowledge that the louvre was stolen when W.B. received it. As was said in Johnson, supra, the most that can be established from the State’s evidence was that W.B. had in his possession stolen property. There is no evidence that he received it knowing it had been stolen.
For this reason, we believe W.B. was erroneously adjudicated a delinquent child under the Youth Court Act for receipt of stolen property and so the judgment of the court is reversed and it is ordered that appellant be discharged.
However, in so doing we do not address the possibility of pursuing W.B. under the auspices of having committed larceny, which the evidence here tends to prove.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.