SULLIVAN, Justice,
for the Court:
I.
On the 22nd day of February, 1990, James Tubwell was convicted in the Circuit Court of Washington County, Mississippi, of receiving stolen property. He was subsequently sentenced to serve a term of two (2) years in the Mississippi Department of Corrections. On appeal, Tubwell contends that the evidence lacks both the sufficiency and weight to support the verdict.
II.
Robroy Fisher owns the Marathon Plantation, a farm located in Washington County approximately two (2) miles north of Glen Allen. On July 26, 1989, Tommy Miller, the farm manager for Marathon Plantation, discovered that the farm shop where certain equipment was stored had been burglarized. An inner door to a small storage room had also been the target of a similar trespass.
Two (2) forty (40) pound boxes of orth-ene, a farm chemical, were missing from the inner room. Items missing from the shop’s main area included a large toolbox containing assorted handtools, a half inch impact wrench, and three of Miller’s personal fishing rods. The large toolbox contained $1500 worth of tools and weighed 250-300 pounds. According to Miller, it takes at least two people to load it. Miller notified the Washington County Sheriff’s Department, and an investigator was sent to the farm shop.
More than three (3) months later, in November of 1989, Miller was summoned to the property room at the Washington County Jail where he identified a toolbox and impact wrench as two of the items taken from the farm shop in July. Only about 10% of the handtools were still in the box, and the box itself was bent and unusable. These two items were returned to Miller and were located in the farm shop on the day of trial.
Robroy Fisher testified for the State that a couple of tools contained in the toolbox had the name of one of his employees, Mitchell Belton, stenciled on them.
Travis Jenkins, an investigator with the Washington County Sheriff’s Department, testified he personally participated in the recovery of the stolen property. On a day in November, 1989, Jenkins went to Tub-well’s residence in Greenville where he recovered an impact wrench and “... a toolbox full of tools with Mitchell Belton’s name, Marathon Plantation, inside the lid of that toolbox that had been reported stolen.” These items were returned to Tommy Miller.
At the close of the State’s case-in-chief, the defendant moved for a directed verdict of acquittal on the ground the prosecution had failed to prove beyond a reasonable doubt the essential elements of the crime of receiving stolen property. The trial judge overruled the motion “in light of the fact that there is evidence that according to Mr. Jenkins, that there was written on the tools, in the toolbox, the name of Mitchell Belton and Marathon Plantation. I think that is sufficient information from which the defendant could have concluded that he was in possession of stolen property.”
The defendant did not testify and rested his case without submitting any evidence in his own behalf. The jury thereafter returned a verdict of guilty as charged. Four days post-verdict, on February 26, 1990, the defendant filed a “Motion for Judgment N.O.V., or in the Alternative, for a New Trial.” The gist of his motion was that the State had failed to prove its case beyond a reasonable doubt. This motion *1266 was overruled by the lower court on February 28, 1990.
III.
Tubwell argues that he should have been granted a directed verdict at the close of the State’s case. “The well known rule in this state is that in passing on motions for a directed verdict or a request for a peremptory instruction, all evidence on behalf of the state must be taken as true, together with the reasonable inferences that may be drawn therefrom, and if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled and the peremptory instruction must be denied.” Thompson v. State, 457 So.2d 953, 955 (Miss.1984).
The centerpiece of Tubwell’s appellate complaint is that the State failed to prove beyond a reasonable doubt the defendant received the stolen property with knowledge it was stolen. According to Tubwell, “[t]he most that can be said of the State’s case is that James Tubwell had in his possession but a couple of the numerous items reported stolen from the Marathon Plantation well over three months before.”
The State contends, on the other hand, that Tubwell’s unexplained possession of recently stolen property, coupled with testimony reflecting the presence of certain markings inside the lid of the toolbox and on some of the remaining tools contained within the box, was sufficient to sustain his conviction of receiving stolen property.
In Whatley v. State, 490 So.2d 1220, 1222 (Miss.1986), this Court identified the elements of the crime of receiving stolen property.
Miss.Code Ann. § 97-17-69 (1972) states as follows:
If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, nor more than $250.00.
This statute makes the requirements for the crime of receiving stolen property the following: (1) A purchase or receipt of personal property (2) stolen from someone else (3) with knowledge that the property is stolen. [Emphasis supplied].
It is well settled that “[gjuilty knowledge is the gist of the offense of receiving stolen property, made a crime by Mississippi Code Annotated, Section 97-17-69 (1972). By this it is not meant that the defendant should have personally witnessed the theft, but that [the accused] received the property under circumstances that would lead a reasonable man to believe it to be stolen.” Ellett v. State, 364 So.2d 669, 670 (Miss.1978). See also Van v. State, 477 So.2d 1350 (Miss.1985); Johnson v. State, 247 So.2d 697 (Miss.1971).
In this case, no proof was presented establishing that Tubwell “purchased” or “received” the stolen goods. Rather, the toolbox and tools were simply recovered from his residence on a day in November. “Therefore, there can be no evaluation of the transaction under the reasonable man standard.” Whatley v. State, 490 So.2d at 1222.
Nor was there any proof that Tubwell stole the impact wrench and toolbox, together with its contents. The jury was left with mere possession of stolen property.
The State freely acknowledges that unexplained possession of recently stolen property, standing alone, is not sufficient to permit an inference that the one in possession of the property received it from another with knowledge it had been stolen. Johnson v. State, supra. Rather, unexplained possession must be aided by other proof tending to show the accused received the property knowing it to have been stolen. Crowell v. State, 195 Miss. 427, 15 So.2d 508 (1943).
The only proof whatsoever the State presented which went to the issue of guilty knowledge was testimony from Jenkins indicating that the words “Marathon Plantation” were located underneath the lid of the *1267 toolbox, and the testimony of both Fisher and Jenkins that a few of the tools left inside the box were either marked or stenciled with the name of Mitchell Belton. The State contends that because these markings were present Tubwell must have known the property was stolen.
This proof is tenuous and insubstantial at best and was insufficient to establish guilty knowledge. First, neither the tools themselves nor the toolbox were identified and introduced into evidence, and the jury did not have an opportunity to observe the nature of the markings so heavily relied upon by the State. Second, there was no proof that any one or more of the 10% of the tools contained in the box at the time of recovery in November were a part and parcel of the tools originally stolen in July. Third, even assuming the presence of the markings, nothing in the official record suggests that Tubwell could have read them.
In short, the presence of the markings, coupled with naked possession, was legally insufficient to establish the defendant received stolen property with knowledge it was stolen from another. “It is fundamental that convictions of crime cannot be sustained on proof which amounts to no more than a possibility or even when it amounts to a probability, but it must rise to the height which will exclude every reasonable doubt.” Steele v. State, 544 So.2d 802, 808 (Miss.1989). The State’s proof fell short of doing so here.
IV.
This Court holds that, viewing the evidence in the light most favorable to the State, the prosecution failed to prove beyond a reasonable doubt the defendant received the stolen items with knowledge they were stolen. Tubwell should have been granted a directed verdict of acquittal at the close of the State’s case-in-chief. Because he was not, his conviction is reversed and the defendant is discharged.
CONVICTION OF RECEIVING STOLEN PROPERTY AND SENTENCE OF TWO (2) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS REVERSED AND DEFENDANT DISCHARGED.
REVERSED. DEFENDANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and MeRAE, JJ., concur.