583 So.2d 973 (1991)
Willie MINTER
v.
STATE of Mississippi.
No. 90-KA-0002.
Supreme Court of Mississippi.
August 7, 1991.
George T. Holmes, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the Court:
Willie Minter was convicted of receiving stolen property and sentenced by the Copiah County Circuit Court to three years in the custody of the Mississippi Department of Corrections. He now appeals to this Court. Finding no merit in any of his assignments of error, we affirm his conviction and sentence.

FACTS
Willie Minter was indicted by the grand jury of Copiah County on November 2, 1989, on 12 counts of feloniously receiving stolen property in violation of Miss. Code Ann. § 97-17-69 (1972). On the day of trial, November 30, the State nol prossed all except count number six. This count charged him with receiving on August 15 a chain saw, a .22 caliber rifle, two shotguns, and a Marlin rifle, all specifically described including serial numbers as the property of Elmer Hart.
On August 14 Robert Washington and Ricky Chase robbed Elmer and Doris Hart at their home in Copiah County and murdered Mr. Hart. They took the above property to Minter.
Following their arrest, Washington and Chase confessed the robbery and murder and delivery of the above items (with the possible exception of the chain saw which was never positively identified by Mrs. Hart as the chain saw taken from them) to Minter.
Either that day or the next, Sheriff Tommy Jackson, accompanied by deputies, took Washington to Minter's home. The sheriff asked Minter for the guns Washington had brought to him earlier that day. Minter told the sheriff "hadn't anybody brought him any guns." The sheriff went to his automobile and verified from Washington that he had taken the guns to Minter. Jackson returned to Minter's house and again asked Minter for the weapons brought him. Minter again denied receiving any guns. Jackson then placed Minter under arrest for receiving stolen property, and gave him the Miranda warning. The sheriff then told Minter to lock his house and for them to go.
Minter replied, "Let me go get my key." Minter then got his key, and as they started out the door told the sheriff, "Let me show you where they are at."
Minter then took the sheriff out the back door where a Pontiac car was backed up with its trunk next to the steps. Minter unlocked the trunk, and inside were the Hart guns. Minter had several cars around his house.
The defense offered no witnesses at trial. The jury returned a verdict of guilty, and Minter was sentenced to three years imprisonment. He appeals.

*974 LAW
Minter challenges the sufficiency of the evidence. There is no question but that the property was stolen and Minter received it. The sole question, therefore, is whether there was sufficient evidence adduced to make a jury issue that Minter knew the property was stolen when he received it. Minter's state of mind could only be shown by his conduct. His false denial to the sheriff that he had received the property made this a jury issue on whether or not he knew the property was stolen when he received it. Crowell v. State, 195 Miss. 427, 15 So.2d 508 (1943).
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.